KNIGHT BROS., Respondents, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 19, 1906.**

1. **RAILROADS: Setting Out Fire: Measure of Damages: Instruction.** The measure of damages for burning a meadow is the difference in the rental value of the ground before and after the injury and not the value of the crop lost, since that is too uncertain and conjectural to be a subject of judicial ascertainment.

2. ———: ———: **Avoiding Damages: Reasonable Efforts: Jury.** A person injured by the act of another should protect himself against loss as far as he can reasonably do so and where the defendant has burned a meadow the plaintiffs can only hold defendant for whatever time the defendant's act deprived them as farmers of the use of the land and in determining whether plaintiffs acted reasonably. The future use they wished to make of the field can be considered and they are entitled to reasonable time to accomplish that use and the jury should judge of the reasonable and proper efforts made to secure that use.

Appeal from Daviess Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

REVERSED AND REMANDED.

*M. A. Low* and *E. M. Harber* for appellant.

(1) The general rule is well settled that the measure of damages for injury to real estate, is the difference in the market value of the land just before and its value just after the injury. Trust Co. v. Bambrick, 149 Mo. 569; Brown v. Railroad, 80 Mo. 460; Ready v. Railroad, 98 Mo. App. 467; Tegeler v. Kansas City, 95 Mo. App. 162; Carson v. Springfield, 53 Mo. App. 296; Paddock v. Somes, 51 Mo. App. 326; Hudson v. Burke, 48 Mo. App. 317; Wallace v. Railroad, 47 Mo. App. 496; Autenreith v. Railroad, 36 Mo. App. 263. (2) For the destruction of fruit trees, the measure of damages is the difference in the value of the land with its value and without them, at the time of their destruction. Shannon v. Railroad, 54 Mo. App. 225; Muldrow v. Railroad, 62 Mo. App. 433; White v. Stoner, 18 Mo. App. 550; Cooley v. Railroad, 149 Mo. 489. (3) For the destruction of hedges and ornamental shrubbery, the same rule applies. Gates v. Railroad, 44 Mo. App. 495; Shannon v. Railroad, 54 Mo. App. 225; Muldrow v. Railroad, 62 Mo. App. 433; White v. Stoner, 18 Mo. App. 550; Cooley v. Railroad, 149 Mo. 489. (4) So, also, for the destruction of a meadow. "It is no doubt true that the measure of damages with respect to the destruction of the hedge and meadow, is the injury done to the inheritance." Gates v. Railroad, 44 Mo. App. 495; Railroad v. Reagan, 32 S. W. 846; Railroad v. Fulmore (Tex.), 29 S. W. 88; Railroad v. Goode (Tex.), 26 S. W. 441, 7 Tex. Civ. App. 245; Railroad v. Mathews (Tex.), 23 S. W. 91; Railroad v. Smith, 6 Ind. App. 262, 33 N. E. 241; Railroad v. Countryman, 16 Ind. App. 139, 44 N. E. 265; Railroad v. Land, 3 Willson Civ. Cas. Ct. App. No. 338. (5) But if the destruction of meadow turf, instead of being regarded as an injury to the inheritance, were to be treated as a destruction of a growing crop, still the measure of damages as laid down by

the court in this case, would be unsupported by the authorities. While it is true that in cases of this character the evidence may be permitted to take a wide range, in order that the jury may be in a position to estimate the true extent of the injury, the real question to be decided always is, what was the actual value of the property destroyed at the time and place of destruction. Lester v. Mining Co., 1 A. & E. Ann. Cases, 261-3; Connor v. Railroad, 181 Mo. 418; Damman v. St. Louis, 152 Mo. 198; Huff v. Railroad, 17 Mo. App. 356; White v. Stoner, 18 Mo. App. 550; Autenreith v. Railroad, 36 Mo. App. 259; Harrison v. Wise, 56 Mo. App. 178; Muldrow v. Railroad, 62 Mo. App. 545; Warden v. Railroad, 78 Mo. App. 568; Smith v. Kansas City, 128 Mo. 30; Kansas City v. Mortin, 117 Mo. 446; Taylor v. Railroad, 38 Mo. App. 668; Tegeler v. Kansas City, 95 Mo. App. 166. (6) It is believed that no authority can be cited which will support that part of plaintiff's instruction which permits a recovery. "For such loss of crop for the season of 1905 and fall pasture of that year as may be shown by the evidence plaintiffs could not have reasonably prevented by reasonable expense and effort." The measure of damages for wrongfully preventing the raising of a crop, is not the value of the crop, if raised, but the rental value of the land during the period, and every other specific injury directly inflicted. Houstan v. Adams, 63 Texas 200; Buttles v. Railroad, 43 Mo. App. 28; Railroad v. Hedrick (Tex.), 7 S. W. 353; Railroad, v. Pape (Tex.), 11 S. W. 526; Railroad v. Borskey (Tex.), 21 S. W. 1011; Ward v. Railroad, 61 Minn. 449, 63 N. W. 1104, overruling Lommeland v. Railroad, 38 Minn. 412, 59 N. W. 119; Railroad v. Carter (Tex. Civ. App.), 25 S. W. 1023; Railroad v. Neutzel, 43 Ill. App. 108, reversed on another point 143 Ill. 46, 32 N. E. 529; Richardson v. Northrup, 66 Barb. 85. (7) The amount of crops which the plaintiff might have made had the defendant not injured them, is not the measure of damages. Taul v.

Shanklin, 1 White & W. Civ. Cas. Ct. App. 1139; Clark
v. Land & Mining Co., 6 Nev. 203; Railroad v. Holliday,
65 Tex. 512; Railroad v. Benitos, 59 Tex. 226; Havs v.
Crist, 4 Kansas 300; Gresham v. Taylor, 51 Ala. 505;
Roberts v. Cole, 82 N. Car. 292. (8) An instruction is
vitally defective, if it fails to limit the recovery to the
value of the property destroyed at the time and place of
its destruction. Huff v. Railroad, 17 Mo. App. 364;
Harrison v. Wise, 56 Mo. App. 178; Warden v. Rail-
road, 78 Mo. App. 668; Railroad v. Smith, 73 Tex. 1, 11
S. W. 123; Railroad v. Schofield, 72 Tex. 496, 10 S. W.
275; Railroad v. Carter (Texas Civ. App.), 25 S. W.
1023; Burnett v. Railroad (Minn.), 79 N. W. 524.

*Dudley & Selby* for respondents.

(1) Plaintiff's instruction on the measure of dam-
ages is certainly a common sense proposition. If a man
suffers wrong, he should have a remedy, and if the de-
fendant's theory is right, that the difference in value of
the land before and after the fire is the true measure of
damages, then many a man might suffer great actual
loss without a remedy. It is purely a matter of specula-
tion as to the difference in value. Men who wanted to
plant corn would say it was just as valuable after as be-
fore the fire, while those who wanted meadow would say
it was less valuable. A man who had meadow might lose
a crop of unharvested grass, the next year's crop of hay
and still another fall pasture besides the cost of reseed-
ing, because his neighbors were of the opinion that that
land was just as valuable after his meadow had been
burned off as it was before. (2) When the damage can
be followed step by step, and each item shown by direct
and positive proof, why enter the realms of speculation
and undertake to arrive at his damage by ascertaining
the speculative difference between the value of his land
before and after the fire? Waters v. Brown, 44 Mo.
302; Miller v. Railroad, 90 Mo. 393; Railroad v. Mc-

Grew, 104 Mo. 291; St. Louis v. Abeln, 170 Mo. 326; St. Louis v. Brown, 155 Mo. 563; Bridge Co. v. Schubacher, 57 Mo. 587.

ELLISON, J.—The defendant railway company by one of its passing locomotives set fire to plaintiffs' adjoining meadow and, as plaintiffs claim, destroyed it. They brought this action for damages.

The evidence in behalf of the plaintiffs tended to show that in the fall of 1904, they had reserved the pasturage on the meadow field in question for later use and that it was being so reserved on October 16th, when as they were about ready to turn their stock upon it, it was destroyed by defendant setting fire thereto. Not only was that growth of grass destroyed, but the roots of the grass were burned so as to ruin it and so as to require that it be reseeded, if desired for meadow. The following is the substance of an instruction given at plaintiffs' instance, viz: that they could recover the value of the grass destroyed by the fire; and the cost of reseeding the land; and also the loss of a crop of hay for the next (1905) season, and the fall pasturage of such season.

We regard that part of the instruction allowing for the loss of a meadow crop and pasture for the next year after the fire as not the proper measure of damages. What the value of a crop to be produced in the future may be, is, ordinarily, too uncertain and conjectural to be the subject of judicial ascertainment. Favorable or unfavorable seasons for the growth of crops; favorable or unfavorable conditions of harvest; to say nothing of proper or improper cultivation, render the value of a future crop extremely problematical. [Chicago v. Huenerbein, 85 Ill. 594.] But the lands upon which crops can be grown have a value, known as a rental value, and such value is the true measure of damages. For people are ready to pay rent and take the risk of a crop.

The risk is considered in fixing the rent. In other words, the damage is not the value of a crop which never had an existence, but the use of the land is the loss and the damage is the rental value of that use. [Stanley v. Railroad (decided this term).] If the wrongful act of defendant in burning the meadow deprived plaintiffs of the use of it, their loss was as much as if defendant had entered upon the land and so deprived them of its use. In the latter sort of case, the Supreme Court of Texas held the rental value to be the measure of damage. [Houston Ry. Co. v. Adams, 63 Texas 200, 205.] And in a case where a railroad built an embankment which caused water to overflow lands and destroy a crop planted but not yet up, the court held the rental value of the land together with cost of planting was the measure of damages. [O. & M. Ry. Co. v. Nuetzel, 43 Ill. App. 108.] In this State, Hood leased a farm to Hughes, the term to begin at a time named. When that time arrived, it was discovered that through the obstinacy of a prior tenant Hood could not give possession and Hughes sued him upon covenant in the lease, and the Supreme Court held that the measure of damages was the difference between the rent reserved in the lease and the rental value. That if the rental value was more than the rent reserved, Hughes should recover the difference. [Hughes v. Hood, 50 Mo. 350. See also Green v. Williams, 45 Ill. 206.]

There is another phase of the case which appears to have had the attention of the respective counsel which will doubtless arise on retrial. It involves the rule of avoidable consequences. It was plaintiffs' duty to protect themselves against loss, so far as they reasonably could. They could not, for instance, allow their field to lie untilled for several years and hold defendant for its rental value. They can only hold defendant for whatever time defendant's act deprived them, as farmers, of the use of the field. In determining whether

plaintiffs acted reasonably, the future use they wished to make of the field should be considered. If they wished to reseed it and continue it as a meadow, they should be allowed reasonable time to do so, and if getting the land "reset" in meadow involved a total or partial loss of the use of it for a season they were damaged by such loss in the amount of its rental value. Plaintiffs testified that they attempted to reseed it by feeding timothy hay to cattle and otherwise scattering seed over it in the winter of 1904 and 1905. It seems that that mode of reseeding looked promising in the spring, but the dry weather in July and August killed the young grass and so left a total loss. It should be left to the jury to say whether that was a reasonable and proper effort, the circumstances considered, to avoid a loss of the use of the land for the crop of 1905. If it was, then plaintiffs should be allowed that loss.

Some technical objections were made to instructions assuming facts, etc. Whatever there may be in this, can, of course, be avoided at another trial. It would also be proper to submit questions of value as they were at the time when and the place where, destroyed.

The judgment is reversed and the cause is remanded. All concur.