## JONES & JONES, Respondents, v. COOLEY LAKE CLUB, Appellant.

### Kansas City Court of Appeals, December 3, 1906.

1. **DAMAGES: Land: Growing Crop: Measure of.** Where one is prevented from using land the measure of damages is the rental value, but where the injury is to a growing crop the difference in the value of the crop produced from that ordinarily produced on the land in a like season would be the measure of damages; and if there had been no like season the difference could be ascertained with sufficient certainty by comparing with ordinary seasons and making proper allowances in the estimate.

2. ———: **Measure of: Evidence: Fatal Error.** Where improper evidence bearing on the measure of damages is admitted and neither stricken out nor the attention of the jury affirmatively called to its incompetency, it becomes fatal error, especially where the real contest is as to the amount of the damages when no improper element should enter into the minds of those who are to decide this.

3. ———: **Flooding Land: Growing Crop: Instruction.** Certain suggestions are made as to the modifications of the instructions in regard to measure of damages for injury to a growing crop.

4. ———: **Evidence: Former Offer: Settlement With Others.** Under the circumstances in which the matter of a former offer to accept a certain sum in satisfaction of damages appeared in evidence, it is held proper to permit the plaintiff to explain that he offered to take less as a compromise in consideration of the defendant's having settled with others in a similar proportion.

5. **APPELLATE PRACTICE: Misconduct of Counsel: Record.** Affidavits in a motion for new trial but not included in the bill of exceptions are not sufficient to bring to the attention of the appellate court the misconduct of counsel in argument.

Appeal from Clay Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED AND REMANDED.

122 App—8

*Sandusky & Sandusky, Lewis G. Hopkins* and *Martin E. Lawson* for appellant.

(1) The testimony admitted by the court, over the objection of defendant, as to the cost of seed corn, and expense of hands and teams, and other expenses, in planting and plowing the corn, was not an element of damage and was not the correct measure of damage. Foncannon v. Kirksville, 88 Mo. App. 279; Tegeler et ux. v. Kansas City, 95 Mo. App. 162. (2) Instruction numbered 1, given for plaintiffs, is faulty. It authorized a recovery for injury to plaintiffs' land, on the ground that it was rendered "less valuable for farming purposes," and thereby announced an incorrect rule for measuring the damage. (3) That plaintiffs' attorney, three times in his closing argument, described defendant as a "club of millionaires" — there being no evidence on said subject. English v. Ricks (Tenn.), 95 S. W. 189; Prewitt-Spur Mfg. Co. v. Woodfall, 115 Tenn. 605, 90 S. W. 623.

*Ralph Hughes* and *Simrall & Trimble* for respondents.

(1) The evidence as to cost of seed, etc., was abandoned, and evidence, showing proper measure of damages, given. The record shows this. The instructions submitted the proper measure of damage to the jury. Under such circumstances, the evidence, though inadmissible, constitutes no ground for reversal. R. S. 1899, sec. 659; R. S. 1899, sec. 865; Burkholder v. Henderson, 78 Mo. App. 295; Parsons v. Mayfield, 73 Mo. App. 311. (2) Respondents' instruction numbered 1 is not erroneous. Schmitz v. Railroad, 46 Mo. App. 393; Walker v. Kansas City, 99 Mo. 652; Carroll v. Railroad, 88 Mo. 248; Barr et al. v. Armstrong, 56 Mo. 589; Fugate v. Miller, 109 Mo. 290; Noble v. Blount, 77 Mo. 239. (3) The verdict is not excessive. Longan v. Weltmer, 180 Mo. 335; Perrette v. Kansas City, 162 Mo. 253; Hollen-

beck v. Railroad, 141 Mo. 112. (4) There was no misconduct on the part of the attorneys in the case, either in stating the case or in argument. Norris v. Whyte, 158 Mo. 32; Norton v. Railroad, 40 Mo. App. 649; Reeder v. Studt, 12 Mo. App. 566; Skaggs v. Given, 29 Mo. App. 612; State v. Forsythe, 89 Mo. 672.

ELLISON, J.—Plaintiffs were proprietors of a farm of fifty-five acres near a body of water called Cooley Lake. The defendant is an organization known as "Cooley Lake Club." Plaintiffs' cause of action is founded on the claim that defendant partially dammed the outlet to the lake, causing it to rise to a higher level and overflow a portion of the land and to saturate the remainder with water, so that it prevented the use of the portion covered with water and so injured the productive quality of the remainder as to cause two crops of corn planted thereon to fall much short of what it should have been. There was a verdict and judgment for the plaintiffs in the trial court.

There was evidence which clearly tended to show that the act of defendant in throwing sacks of earth into the outlet of the lake raised that body of water to a higher level. It further showed that the bed of the lake was what is called "gumbo," a character of earth which holds water for great length of time. Many years ago, the surface of plaintiffs' land was composed of the same character of earth. But as the hill land near by has been opened up to cultivation a "loose and loamy" soil has washed down onto the land, making what witnesses call, two stratas; the gumbo underneath holding the water that crept up from the lake between the two, and thus thoroughly saturating the more porous soil on top.

In the spring of 1903, plaintiffs planted a crop of corn which was early destroyed by causes not charged to this defendant. They then planted a second crop and it produced poorly — only eight or ten bushels per acre

and that of very indifferent quality. In the year 1904, they again planted corn and again had a like poor return as that of the preceding season. Plaintiffs introduced evidence tending to show the productiveness of the land and what number of bushels per acre it would have produced but for the lake keeping it wet, making all proper allowances for the seasons of 1903 and 1904 and based upon what it had produced and under what conditions of season, of planting and cultivation. Market prices of corn were shown and allowance made for the value of what the land actually produced in those seasons. In submitting the case, the plaintiffs asked and had given an instruction that, for that portion of the land on which no crop could be grown on account of water standing thereon, plaintiffs were entitled to a fair rental value of such portion. And for that part where crops were grown, they were entitled to the difference between the value of crops which could ordinarily have been grown had the dam not been constructed and the value of the crops actually grown.

In considering damage to a growing crop and damages resulting from being prevented from growing a crop at all, different considerations enter into a measurement of the damages. If one is prevented from using the land, the damage is its rental value; and that is properly stated in the foregoing instruction and it is what we have decided at this term in the cases of Knight v. Railway, 122 Mo. App. 38, and Stanley v. Railway. Proper distinction was made in the instruction referred to and we believe the correct rule for the measure of damages was stated where the injury is done while the crop is growing. The fact that, at least as to the crop of 1904, the land was put in such condition as to its productive quality, before the crop was planted would not, as to this case, under the facts shown, make any difference as to the damage. The

difference in value of the crop produced from that which was ordinarily produced on the land in like seasons would be the measure of damages. If there had been no similar seasons, the difference could be ascertained, with sufficient certainty for practical purposes, by comparisons with ordinary seasons and making the proper allowances in the estimate.

There, however, happened in the course of the trial what plaintiffs concede to be error, but claim that it does not justify a reversal. During the testimony of one of plaintiffs, he was examined, at some length and detail, over the protest of defendant, as to what he paid for seed corn, what men, horses, utensils, etc., would be worth in raising the crop. Defendant objected to the evidence and then, after it was admitted, he moved to strike it out, but it was not done. It is true that then plaintiffs took up the examination on proper lines in ascertaining the damage, but we think it would be unjust to say that no harm had been already done, or that if harm, that it was cured. The jury were at no time advised of the impropriety of the testimony. It is true the instruction of which we have written omits any mention of such improper measure or elements of damages, but we do not believe that mere silence was a cure. The jury should have been affirmatively directed. The case was one in which plaintiffs seem to have made a clear showing of injury attributable to the act of defendant. The real contest was as to amount of damage and it is therefore quite necessary that no improper element enter into the mind of those who have to decide upon the amount.

Our view as to the serious character of the harm done by the evidence referred to is strengthened by a consideration of plaintiff's first instruction. We regard the objections urged thereto by defendant as well founded. It is of a very general character and in view of the fourth instruction was, we think, unnecessary. In addition, it was harmful to the defendant. It is so

worded that it would seem to authorize the allowance of permanent damages to the land itself for farming purposes. It is in no way connected with other instructions and does not carry on its face any explanatory limit to what its words would ordinarily mean.

We believe it would be better if, on another trial, the first sentence, comprising five and one-half lines of plaintiffs' fourth instruction, was omitted, since it adds no force to what follows. And we suggest that the words, "In similar seasons," be inserted between the words "land" and "if," in the latter part of the instruction.

There were some objections made to evidence tending to show that defendant had settled similar damages suffered by others in the vicinity of the lake. That came about in response to defendant having brought out that plaintiffs had stated the damage to be less than they placed it at the trial. One of plaintiffs, in explanation, then testified that he had offered to take less as a compromise in consideration of defendant's having settled with the others in that proportion. Under the circumstances in which the matter arose, and in view of defendant's seeking to show what plaintiffs had stated they would accept, we think it was not error for the witness to make the explanation given.

Objection was likewise made to remarks of counsel in argument. It does not appear that this has been brought to our attention in a proper way. It is embodied in affidavits in the motion for new trial, but was not included in the bill of exceptions. [Norris v. Whyte, 158 Mo. 20, 32, 33.]

The judgment is reversed and the cause remanded. All concur.