GUS MATTIS et al., Respondents, v. ST. LOUIS & SAN FRANCISO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. **RAILROADS: Fires: Meadows: Grass Roots: Measure of Damages.** Where the roots of the grass of a meadow are destroyed by fire, the measure of damages is the cost of reseeding, and the loss of rental during that process.

2. ——: ——: ——: ——. Measure of damages for the destruction of a standing, but matured crop of timothy, is the value thereof in the market, less the expense of harvesting and marketing.

3. ——: ——: ——: **Prairie Grass.** Where the roots of prairie grass have been destroyed, it may be an injury to the land itself, and the damage would be the difference in the value of the land before and after the fire.

4. **TRIAL PRACTICE: Different Counts: General Verdict.** Where there are more than one count on distinct causes of action, a general verdict should be set aside.

Appeal from Jasper Circuit Court.—*Hon. C. V. Buckley,* Special Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Woodruff & Mann* for appellant.

(1) The court erred in giving the instruction for plaintiff on the measure of damages, because said instruction authorizes the jury to find for plaintiffs the difference in the value of plaintiffs' land before and after the fire, whereas, if the roots of the hay were destroyed or injured so that the yield for the following year or years would be lessened, the measure of damages would have been the difference in the rental value caused by such injury to the roots of the hay. Knight v. Railroad, 122 Mo. App. 38; Jones v. Cooley Lake Club, 122 Mo. App. 113; Standley v. Railroad, 121 Mo. App. 537;

Carter v. Railroad, 128 Mo. App. 57; Hosli v. Yokel, 57 Mo. App. 622. (2) The court erred in receiving a general verdict on the two counts in the petition. There should have been a separate verdict upon each count. Bricker v. Railroad, 83 Mo. 391; State v. Harmon, 106 Mo. 657; State v. Bedell, 35 Mo. App. 551; Mooney v. Kennett, 19 Mo. 551; Clark's Adm'r v. Railroad, 36 Mo. 215; Pitts v. Fugate, 41 Mo. 405; Collins v. Dulle, 45 Mo. 269; Bigelow v. Railroad, 48 Mo. 510; Owens v. Railroad, 58 Mo. 386.

*E. L. Shepherd* for respondents.

(1) If the verdict and judgment are in every respect warranted, the cause will not be reversed or remanded where no substantial benefit can accrue to the defendant, by reason of reversal of judgment. Doan v. Holley, 27 Mo. 256; Cartwright v. Culver, 74 Mo. 183. (2) Where the error is rather one of form and not of substance and under the facts and circumstances of the case the assessment was reasonable, the judgment will not be reversed. Courtney v. Blackwell, 150 Mo. 277. (3) Where there is no evidence touching the first count, where the petition was founded upon two counts, the first count may be regarded as informally abandoned, and a general verdict for less than one of the counts will be held good. Allen v. Railroad, 84 Mo. 656; Stout v. Calver, 6 Mo. 256; Strickland v. Quick, 45 Mo. App. 610. (4) Where the judgment is for the right party it will be affirmed, notwithstanding errors committed by the trial court in the course of the trial. Foster v. Railroad Co., 112 Mo. App. 67.

ELLISON, J.—This action is based upon a petition in two counts. The first was for the destruction by fire of plaintiffs' matured crop of hay ready to be harvested, at the sum of $1,127.50, and of burning the roots of the grass in parts of the field, in the sum of $375.85. The

second count was for the destruction by fire of five and a quarter tons of baled hay. There was a general verdict for plaintiffs for $1,150. Defendant appealed.

The court instructed the jury that damages could be measured by "the difference in value of the plaintiffs' land before and after the fire." This presumably had reference to the destruction of the grass roots. The petition does not disclose whether the grass was timothy, blue grass or prairie grass. Portions of the evidence speak of it as meadow, which in this State ordinarily means timothy; while other portions seem to show it to be prairie hay.

If it was timothy meadow or blue grass, which are grasses with which land may be seeded and made to produce annual crops, the instruction was erroneous. We decided in Knight v. Railroad Company, 122 Mo. App. 38, that the measure of damages for the destruction of the roots of the grass of a meadow was the cost of reseeding and loss of rental value the season lost in that process. That was also the effect of our decision in the case of Standley v. Railroad Company, 121 Mo. App. 537, and Jones v. Cooley Lake Club, 122 Mo. App. 113. That is likewise the view taken in Railroad v. Jones, 59 Ark. 105; Vermilya v. Railroad Co., 66 Iowa 606; and Railroad Co. v. Hixon, 110 Ind. 225. Kindred rules of damages have been elaborately discussed by the St. Louis Court of Appeals in the cases of Carter v. Railroad Co., 128 Mo. App. 57, and Hunt v. Railroad Co., 126 Mo. App. 261, and great lack of uniformity of view is there shown to exist. But we have not been cited to a case in this State involving the rule of damages for destruction, not of the timothy crop, but of the roots of the meadow, where a different rule has been laid down from that we have here stated. It certainly appears to be reasonable and capable of the most correct result to measure the damages by the cost of restoring the grass,

including the loss of rental value while it is being restored.

A part of the damages stated in the first count was for the destruction of the standing but matured crop. The damage in such case is the value of the crop in the market, after allowing for expense in harvesting and marketing.

But for wild grass, commonly known as prairie grass, which is not produced from seed sown and which, when once destroyed, cannot be restored in a season by the agency of man, a different rule necessarily applies. For the destruction of the roots of such production may be an injury to the land itself and the damage would be the difference in that value before and after the fire. Though the burning of prairie grass is common, yet it could not be said, as a matter of law, that the roots could not in some instances be destroyed.

The verdict being general where there was more than one count on distinct causes of action, should have been set aside. [Bricker v. Railroad Co., 83 Mo. 391; State v. Harmon, 106 Mo. 635, 657.]

The judgment is reversed and the cause remanded. All concur.

