JOHN G. ADAM et al., Respondents, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 15, 1909.

1. RAILROADS: Destruction of Crops: Damages. Where a railroad culvert of insufficient size causes the water to back up and destroy a crop of alfalfa, the measure of damages caused by destruction of the roots is the cost of reseeding and the rental value of the land, and of the matured crop at its market value standing on the ground.

2. ———: Instruction: Future Crops. It was error to so instruct the jury that it might include in their assessment of damages the value of three future crops, unless confined to proper rules. Crops that might have been grown in the future are an element too contingent and speculative to afford a basis for the assessment of damages.

3. ———: Damages: Annual and Permament Crop. Where an ordinary annual crop is destroyed the true measure of damage is the cost of replacing it and the rental value of the land until replaced, but when a permanent crop is destroyed the criterion is the damages inflicted on the market value of the land.

Appeal from the Platte County Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*H. B. Pyle* and *Guy B. Park* for appellant.

(1) There being no competent probative evidence of the measure, or amount, of damages, the demurrer, at the close of the whole case, should have been sustained. Dunham v. Joice, 129 Mo. 5; Hite v. Railroad, 130 Mo. 132; Hunt v. Railroad, 89 Mo. 607; Champagne v. Hamey, 189 Mo. 709. (2) Instruction No. 3 on behalf of plaintiff erroneously states the measure of damages. The measure of damages for the destruction of alfalfa and like crops is the difference between the value of the land before and after the destruction of the crop. Thompson v. Railroad, 121 N. W. (Neb.) 447; Wiggins v. Railway, 119 Mo. App. 492; Gates v. Railway, 44 Mo. App. 488; White v. Stoner, 18 Mo. App. 540. (3) The measure of damage for destruction of timothy, meadow, or blue grass is the cost of reseeding and loss of rental value the season lost in that process. Mattis v. Railroad, 119 S. W. (Mo. App.) 998; Standley v. Railroad, 121 Mo. App. 537. (4) The admission of evidence of how many crops would be produced, and the value of each, was error. Knight v. Railway, 122 Mo. App. 38; Wilson v. Russler, 91 Mo. App. 275; Turner v. Gibbs, 50 Mo. 556; Applegate v. Franklin, 109 Mo. App. 293, 304; Hays v. Crist, 4 Kan. 350; Railway v. Benitos, 59 Tex. 326; Stanley v. Railway, 121 Mo. App. 537. (5) A verdict for $250 for a five-acre crop of alfalfa, which all the witnesses say is worth $10 an acre, is clearly the result of bias and prejudice. Doty v. Steinberg, 25 Mo. App. 328; Koeltz v. Belckman, 46 Mo. 320. (6) The verdict was between only one plaintiff and the defendant, and the motion in arrest should have been sustained. Dailey v. Columbia, 122 Mo. App. 21; Wood v. McGuire, 17 Ga. 361; Fenwick v. Logan, 1 Mo. 401.

*John W. Coats* for respondent.

(1) The petition is based upon common law negligence and is ample and sufficient in every respect. Brink v. Railroad, 17 Mo. App. 177; Munkers v. Railroad, 72 Mo. 514; Edwards v. Railroad, 97 Mo. App. 103; Culver v. Railroad, 38 Mo. App. 130. (2) The instructions given by the court on the part of plaintiffs, when taken in connection with those given by the court on the motion of the defendant, were ample and fully covered every phase of the case. Instructions in a case are to be taken as a whole, and it is not necessary that a single instruction cover the whole case. Brink v. Railroad, 17 Mo. App. 177; Graves v. Railroad, 69 Mo. App. 574; Shannahan v. Transit Co., 109 Mo. App. 228; Stewart v. Andes, 110 Mo. App. 243. (3) The measure of damage is correctly set out in the third instruction given for plaintiffs and was fully authorized by the evidence. White v. Stoner, 18 Mo. App. 550.

JOHNSON, J.—Defendant, a railroad company, built a railroad across the land of plaintiffs in 1906, and put in a culvert where the road crossed a natural watercourse. Plaintiffs allege the culvert was insufficient and that in 1908 five acres of alfalfa planted by plaintiffs in the preceding year were totally destroyed by the waters thrown back on plaintiffs' land by the obstruction. Several defenses were interposed in the answer. A trial to a jury resulted in a verdict and judgment for plaintiffs in the sum of $200, and the cause is here on the appeal of defendant.

The errors assigned by defendant relate solely to the issue of the measure of damages. It appears that a matured crop was destroyed and further that the deposits left on the land prevented any renewal of the crop. The evidence of plaintiffs is to the effect that the market value of the matured crop, which was the first of the season, was ten dollars per acre, and that three other crops would have been produced that season. A

witness testified that a field of alfalfa was of the value of "ten dollars an acre for each cutting and ten dollars for the stubble." Evidently this estimate was adopted by the jury. In the instructions given at the request of plaintiffs the jury were told that if they found for plaintiffs to assess the damages "at the fair value of said alfalfa on the ground at the time of such loss or damage."

Defendant argues that since plaintiffs failed to prove either the cost of re-seeding and the rental value of the land while a new crop of alfalfa was being grown, or the difference in the market value of the land caused by the destruction of the reproductive power of the roots, there was no evidence on which to base a verdict. It is the theory of defendant that the proper rule was the difference in the market value of the land before and after the injury. In this conclusion defendant finds support in the opinion of the Supreme Court of Nebraska in Thompson v. Railway, 121 N. W. 447, where it is said: "There is a difference in condition between an ordinary annual crop and a permanent crop such as alfalfa which justifies and requires a different rule in the measurement of damages, and we are of the opinion that a fair criterion of the damages suffered by the destruction of a good stand of alfalfa would be the difference between the value of the land with such a crop standing and growing upon it and the same without such crop." This view of the law, doubtless, was induced by consideration of the facts that alfalfa is perennial and its roots grow very deep and become closely interwoven. We do not think the opinion of the Nebraska court is in harmony with the fundamental rules recognized in this State in such cases. These rules thus may be stated: Where the destruction of the thing includes but a temporary injury to the land and the thing may be replaced in a comparatively brief period, the true measure of damages is the cost of replacing it and the rental value of the land until it is replaced, but where the destruc-

tion of the thing inflicts more than a temporary injury to the land, or the replacement would be impossible or tedious and uncertain both in cost and result, the criterion is the damage inflicted on the market value of the land. And in cases where a matured crop is destroyed the crop is treated as personal property and the measure of damages is its market value standing on the ground.

Illustrative of these rules are the following instances: The value of an annual crop such as corn, wheat, or oats destroyed before maturity is measured by the cost of reseeding and the rental value of the land. [Standley v. Railway, 121 Mo. App. 537; Jones v. Cooley Lake Club, 122 Mo. App. 113.] A hedge was treated as a part of the inheritance and the rule applied was the difference in the market value of the land before and after its destruction. [Gates v. Railway, 44 Mo. App. 488.] Fruit trees were held to belong to the inheritance, but the matured fruit on them to be personalty. [Doty v. Railroad, 136 Mo. App. 254, 116 S. W. 1126.] A crop of timothy hay was treated as personalty, but damages for the grass roots which also were destroyed were held to be measured by the cost of reseeding and the rental value of the land. [Mattis v. Railway, 119 S. W. 998.] In this case it is said that a different rule would be applied where prairie grass roots were destroyed because of the impossibility of replacing wild grass. In such case, the injury to the inheritance would be the test.

There has been a vast deal of law written in this State on the subjects we are discussing and the decisions are not altogether harmonious. It is not necessary nor useful to refer to or even cite the numerous cases. We are satisfied with our opinions in the Mattis and Doty cases, and think the rules applied in them control the determination of the question under consideration.

We perceive no essential difference between a timothy or clover field and one of alfalfa. All of these crops

are perennial and if totally destroyed, may be replaced without permanent injury to the soil. Their replacement is a matter of a comparatively short period and may be accomplished with reasonable definiteness and certainty as to cost and result. We conclude that the proper rule in the case at bar for measuring the damage caused by the destruction of the roots was the cost of reseeding and the rental value of the land, and that the rule applicable to the matured crop was its market value standing on the ground. The instruction to the jury was erroneous because it permitted them to include in their assessment the value of three future crops and did not confine them to the proper rules. Crops that might have been grown in the future are an element too contingent and speculative to afford a basis for the assessment of damages in such cases. [Standley v. Railroad, supra.]

The judgment is reversed and the cause remanded. All concur.