LUCY E. CROUCH, Respondent, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 24, 1910.

RAILROADS: Fires: Measure of Damages. Where plaintiff's meadow was destroyed by fire set by the negligence of defendant and the roots of the grass thereby destroyed, the measure of damages is the rental value of the land and the cost of reseeding.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED AND ORDERED TRANSFERRED TO SUPREME COURT.

*Cyrus Crane* and *H. C. Clark* for appellant.

(1) Instructions numbered 1, 2 and 3 given at the instance of the plaintiff, are fatally erroneous under the rule laid down by this court in Knight Brothers v. Railroad, in that they permit the jury to enter the remote field of conjecture. Knight Brothers v. Railroad, 122 Mo. App. 38. (2) The court committed reversible error in permitting the introduction of testimony and instructing the jury as to the rental value of the meadow land at the time of the fire and the cost of reseeding. Where grass roots are destroyed, the injury is to the inheritance, the measure of damages being the difference in the value of the land before and after the fire. Wiggins v. Railroad, 119 Mo. App. 492;

Wiggins v. Railroad, 129 Mo. App. 369; Carter v. Railroad, 128 Mo. App. 57; Gates v. Railroad, 44 Mo. App. 488.

*Scott & Bowker* for respondent.

Where a tame meadow has been totally destroyed so as to require reseeding in order to continue it as a meadow, the measure of damages is the cost of reseeding the same, together with loss of rental value for the time the party was deprived of it as a meadow. Mattis v. Railroad, 119 S. W. 998; Knight v. Railroad, 122 Mo. App. 38; Jones v. Cooley Link Club, 122 Mo. App. 113.

BROADDUS, P. J.—This is an action for damages for the destruction of plaintiff's meadow, alleged to have been destroyed by fire set by the negligence of defendant. The petition is in three counts covering three distinct fires. The jury returned a verdict in favor of plaintiff and defendant appealed. The petition alleged and the evidence showed that the fire completely destroyed the roots of the grass and it is so conceded by defendant. The court instructed the jury that the measure of plaintiff's damages was the rental value of the land and the cost of reseeding. The question raised on the appeal is one of law.

This court has decided that the measure of damages in such cases is the rental value of the land and the cost of reseeding. [Adam v. Railroad, 139 Mo. App. 204; Knight Bros. v. Railroad, 122 Mo. App. 38; Doty v. Railroad, 136 Mo. App. 254; Mattis v. Railroad, 138 Mo. App. 61.]

The St. Louis Court of Appeals holds otherwise: that the damage in such cases is to the land itself; and that the measure for such damages is the difference between the value of the land with the crop standing and growing thereon and its value after the destruction of the crop. [Wiggins v. Railroad, 119 Mo. App.

492; Wiggins v. Railroad, 129 Mo. App. 369; Carter v. Railroad, 128 Mo. App. 57.]

In Railroad v. Jones, 59 Ark. 105, it is held that: "The measure of damages is the cost of reseeding and the rental value until it is restored." And it is so held in Railroad v. Hixon, 110 Ind. 225; and in Vermylya v. Railroad. 66 Iowa 606.

Where the damage was to forest trees which were part of the realty the Supreme Court holds that the measure was the difference between the value of the trees before the fire and after the fire. [Atkinson v. Railroad, 63 Mo. 367.] In Matthews v. Railroad, 142 Mo. 645, the property destroyed was a barn. It was held that the measure of damages was the value of the barn at the time it was burned. It will be seen that in these two cases although the property destroyed was a part of the realty itself, the court determines the damage to be the value of the thing destroyed, without reference to its effect upon the inheritance.

If the rule in such cases is to govern, that the measure of damages is the difference between the value of the land before and after the destruction, a tenant under a lease for two years whose meadow suffers total destruction the first year of such lease would have no remedy whatever, *damnum absque injuria.* If the owner of a tract of land comprising one thousand acres should suffer a small loss to one of his meadows, it is not probable he would have any redress for his loss whatever; because of the insignificance of his loss the market value of so great a body of land would not be affected thereby, and yet he would be put to the trouble and expense of reseeding in order to restore his meadow.

The question is important for the reason that it is one that will in all probability continue to arise and should in our opinion be settled by the Supreme Court. In the meantime we adhere to our former decisions, and affirm the action of the lower court. All concur. Ordered transferred to Supreme Court.