## LUCY E. COUCH v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

**Division Two, June 28, 1913.**

1. **DAMAGES: Conjectural: Modification.** The rule that damages must be real and actual, not conjectural or speculative, is an abstract rule of law, to be followed as a guide so long as it promotes justice, and to be put aside when it leads in the opposite direction. The courts have found it necessary to engraft some modification or exception on most rules of law. A rule for the measure of damages should not be condemned because it contains some element of uncertainty.

2. **MEASURE OF DAMAGES: Meadow Destroyed by Fire: Re-seeding.** The rule for measuring the damages caused by the burning of meadows, adopted by the Kansas City Court of Appeals, which authorizes a recovery for the expense of re-seeding the meadow and the rental value of the land during the time the owner will be deprived of crops of hay therefrom by reason of the fire, is approved. The rule announced by the St. Louis Court of Appeals, that the real measure of the owner's damages is the depreciation in the value of the land (the injury to the inheritance) caused by burning the meadow, may, and perhaps usually does, promote justice, but it is more cumbersome and more likely to cause a miscarriage of justice than the other rule.

3. ————: ————: ————: **Second Crop.** The instructions are not erroneous because they do not restrict plaintiff to such damages as he sustained by the loss of one hay crop through the burning of his meadow, where some of the meadow was burned in the fall and the rest in March, and there was evidence tending to prove that it was usually impossible to secure a full crop of hay the first season after re-seeding the meadow.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*Cyrus Crane* and *H. C. Clark* for appellant.

Instructions numbered 1, 2 and 3, given at the instance of the plaintiff, are fatally erroneous under the

rule laid down in Knight v. Railroad, 122 Mo. App. 38, in that they permit the jury to enter the remote field of conjecture. The court committed reversible error in permitting the introduction of testimony and instructing the jury as to the rental value of the meadow land at the time of the fire and the cost of re-seeding. Where grass roots are destroyed, the injury is to the inheritance, the measure of damages being the difference in the value of the land before and after the fire. Wiggins v. Railroad, 119 Mo. App. 492, 129 Mo. App. 369; Carter v. Railroad, 128 Mo. App. 57; Gates v. Railroad, 44 Mo. App. 488.

*Scott & Bowker* for respondent.

Where a tame meadow has been totally destroyed so as to require re-seeding in order to continue it as a meadow, the measure of damages is the cost of re-seeding the same, together with loss of rental value for the time the party was deprived of it as a meadow. Mattis v. Railroad, 138 Mo. App. 61; Knight v. Railroad, 122 Mo. App. 38; Jones v. Cooley Link Club, 122 Mo. App. 113.

BROWN, P. J.—Civil action for burning a meadow. From a judgment for plaintiff, defendant appeals.

Plaintiff recovered a judgment for $193.50 for twenty-two acres of meadow and twenty-seven rods of fence which defendant destroyed by permitting fire to be communicated from its engines to said meadow.

The evidence quite clearly proves the quantity and value of the meadow and fence destroyed, and that the defendant's agents caused the fire by permitting sparks to escape from its engines. The roots of the meadow were destroyed so that it became necessary to re-seed same. There was some evidence tending to prove that a re-seeded meadow would not yield a full crop of hay the first season after such re-seeding.

The only issue urged here for reversal of the judgment is the instructions of the trial court which authorized a recovery for the expense of re-seeding the meadow and the rental value of the land during the time plaintiff was or will be deprived of crops of hay therefrom by reason of the fire.

. The appellant contends that the real measure of plaintiff's damages is the depreciation in the value of her land (the injury to the inheritance) caused by burning her meadow.

This appeal was submitted to the Kansas City Court of Appeals, which affirmed the judgment of the trial court through an able opinion by BROADDUS, J. [141 Mo. App. 256.] The case was, however, transferred to this court because the opinion filed therein conflicts with several opinions of the St. Louis Court of Appeals prescribing a different rule for ascertaining damages of this character.

Measure of Damages: Fire in Meadow.

The decision of the Kansas City Court of Appeals affirming the judgment is well sustained by its own prior rulings. [Adam v. Railroad, 139 Mo. App. 204; Doty v. Railroad, 136 Mo. App. 254; Knight Brothers v. Railroad, 122 Mo. App. 38; and Mattis v. Railroad, 138 Mo. App. 61.]

While on the other hand the views of appellant are ably supported by the St. Louis Court of Appeals. [Wiggins v. Railroad, 119 Mo. App. 492; Wiggins v. Railroad, 129 Mo. App. 369; and Carter v. Railroad, 128 Mo. App. 57.] So it becomes our duty to finally determine what shall be the rule throughout the State for measuring damages caused by the burning of meadows.

Something could be said in favor of each method of ascertaining such damages. The appellant insists that the method adopted by the trial court, and sanctioned by the Kansas City Court of Appeals, for ascer-

taining damages in this class of cases, is too much a matter of conjecture or speculation.

It is a cardinal rule that when damages are awarded against any one such damages must be actual and real—not conjectural or speculative. This, however, is only an abstract rule of law; a general guide to be followed so long as it promotes justice, and to be put aside when it leads in the opposite direction. It would be difficult, indeed, to find a rule of law upon which the courts have not found it necessary to engraft some modification or exception. It is a settled rule of law that in actions for personal injuries recoveries may be had for loss of time and physical pain which a plaintiff will suffer after the trial and judgment. [Sotebier v. Transit Co., 203 Mo. 702.] Such future suffering is usually proven by expert medical testimony, which, experience has taught us, is not infallible, but sometimes amounts only to conjecture or speculation. Other incidents of the allowance of speculative or uncertain damages could be cited if necessary. [Smith v. City of Sedalia, 244 Mo. 107.]

It is true no one can examine a meadow in October, or even in March, and determine how much hay it will yield the following season. A drought (and in some cases a flood) may destroy it entirely. This does not signify that because a meadow, like most any other crop, is uncertain, it has no standard of value, and that one who negligently destroys same cannot be made to respond in damages.

Men are willing to rent meadows or buy the product thereof before any hay is in sight, the same as they are willing to buy young pigs and assume the risk of such animals growing to a size when they will be suitable for food. Therefore, the fact that people are willing to and do rent meadows when there is no matured hay thereon gives them a rental value, though their real value is only prospective or speculative.

The rule for measuring the damages adopted by the trial court in this case should not be condemned because it possesses some elements of uncertainty.

The rule announced by the St. Louis Court of Appeals for ascertaining the value of meadows may, and no doubt usually does, promote justice, but we consider it more cumbersome and more likely to cause a miscarriage of justice than the other rule.

To ascertain the damage to the inheritance by the burning of a meadow, it is necessary to find out what the land was worth with the meadow, and then ascertain what its value is after the meadow is destroyed. A meadow may possess several elements of value to the owner thereof. Just how many, we do not judicially know, but we do take judicial notice that meadows are sometimes valuable to prevent the soil from washing and also to give the soil a rest from grain crops. Therefore, farmers incur an expense in growing meadows which they would not incur for the hay crop alone.

The value of farm land can be ascertained with a fair degree of certainty, provided there are any such lands for sale in the locality where it becomes judicially necessary to find out their value; but the number of persons in a given locality who possess a correct knowledge of the value of lands is insignificant compared with those who know the value of meadows or the rental value of meadows, for the simple reason that nearly every farmer has some meadow and knows the market value of the product thereof. Why investigate the value of the land when only the value of a natural product thereof—something that can soon be reproduced—is in issue? Placing in evidence the value of the land upon which a meadow grew tends, to some extent, to inject a collateral issue into the case and thereby befog the minds of the tryers of fact. [State v. Reed, 250 Mo. 379.]

The rule announced by the Kansas City Court of Appeals for measuring the value of meadows recommends itself to us, because under that rule the evidence of the value or lack of value of such property is more readily obtainable, and we believe it is more likely to produce actual justice than the rule announced by the St. Louis Court of Appeals.

The appellant complains that the plaintiff was not restricted by the instructions to such damages as she would sustain by the loss of one hay crop through the burning of her meadow. No error was committed on that point. Some of the meadow was burned in the fall and some of it in March. There was evidence tending to prove that it was usually impossible to secure a full crop of hay the first season after re-seeding a meadow. The defendant introduced no evidence.

There is nothing in this record which indicates that the verdict was excessive. The judgment is affirmed. *Faris* and *Walker, JJ.,* concur.