E. H. STECKMAN, Respondent, v. QUINCY, OMAHA
& KANSAS CITY RAILROAD COMPANY, Ap-
pellant.

Kansas City Court of Appeals, April 3, 1914.

1. **DAMAGES: Railroads: Measure of Damages: Fire.** The
action was brought by plaintiff against the defendant railroad
for damages caused by a locomotive setting fire to the plain-
tiff's pasture, fences, etc. *Held*, that where the destruction of
the thing includes but a temporary injury to the land and the
thing may be replaced in a comparatively brief period, the
true measure of damages is the cost of replacing it and the
rental value of the land until it is replaced, but where the de-
struction of the thing inflicts more than temporary injury or
the replacement would be impossible or tedious and uncertain,
both in cost and result, the criterion is the damage inflicted on
the market value of the land.

2. **EVIDENCE: Injury to Inheritance: Cured Error.** An objec-
tion is not well taken to a ruling that injury to fences by burn-
ing should be treated as an injury to the inheritance, when later
the ruling is corrected and the jury is instructed, in effect, to
follow the well-settled rule that the measure of damages for
such injury "is the actual value of the fence as it stood."

Appeal from Daviess Circuit Court.—*Hon. Arch B.
Davis*, Judge.

AFFIRMED.

*Hall & Hall, Dudley & Selby* and *J. G. Trimble*
for appellant.

*J. C. Leopard* and *O. G. Bain & Son* for respond-
ent.

JOHNSON, J.—Action for damages caused by a
fire which plaintiff alleges resulted from sparks emitted
from a locomotive operated by defendant. The fire
swept over a portion of a farm of 250 acres owned and

occupied by plaintiff and the petition alleges that it burned sixty-five acres of pasture of the reasonable value of $195; 270 rods of hedge fence of the value of $540; 200 rods of woven wire and barbed wire fencing of the value of $100; twenty rods of garden fence worth $15; two and one-half acres of corn worth $53; one acre of blackberries worth $50; 123 apple trees worth $932; seven peach trees worth $7; two cherry trees worth $2 and six plum trees worth $6. The prayer is for judgment for $1900, the sum of the enumerated items. The answer is a general denial. The jury returned a verdict for plaintiff in the sum of $1175 and after its motion for a new trial and in arrest were overruled, defendant appealed.

The evidence of plaintiffs tends to show that the fire which occurred in the month of October, about the 15th, destroyed the matured grass in the pasture and also a crop of rye in the adjoining field but did not injure the grass roots. It also burned a field of standing corn, destroyed some woven wire and barbed wire fences, a number of fruit trees, a blackberry patch and a hedge fence. The roots of the blackberry bushes and of the hedge were destroyed. The case was tried by the court under the view that the crops of grass, rye and corn, having matured, should be regarded as personalty and plaintiff was permitted to prove their market value as such. The fences also were treated as personalty while the blackberry bushes, hedge and fruit trees were classed as real estate and the damage caused by their destruction was attempted to be measured by proof of the difference in the market values of the land immediately before and immediately after the injury. Plaintiff testified on this subject:

"Q. State if you were acquainted with the reasonable market value of that farm and premises there just before the fire, that is, with the hedge on, the apple orchard on, with the blackberry patch on, and with the other trees you have spoken of being on, the peaches,

cherries and plums? Were you acquainted with it? A. Yes, sir.

"Q. What was it reasonably worth before the fire? A. It was reasonably worth sixty dollars an acre.

"Q. What was it worth after the fire, with the orchard in the damaged condition it was and the hedge fence burned off, which you have described, and the blackberry bushes gone, and the other trees, the peach and plum trees? A. Fifty to fifty-five dollars an acre.

"Q. How many acres was there in this farm? A. 250 acres."

At the request of plaintiff the court instructed the jury "that if you find that the defendant is liable for the damage, if any, caused by the fire in this case your verdict may be rendered in a lump sum but in making up your conclusion on the several items upon which plaintiff has sustained damage, if any, you will be guided as follows: First, as to the pasture, the corn on the stalk, the woven and barbed wire fence, the garden fence, you will take into consideration the reasonable market value of said pasture, corn and fencing at the time and place of said fire, deducting whatever you may believe from the evidence the wire fence was worth after said fire. Second, as to the fruit trees, blackberries and hedge, if any, which were upon and a part of the real estate, you will take into consideration the market value of the real estate immediately before the fire and its market value immediately after the fire."

The first point presented by counsel for defendant for a reversal of the judgment is that there is a material departure between the allegations and proof of plaintiff relating to the damages resulting from the destruction of the blackberry patch, hedge and fruit trees. It is argued that the petition alleges a cause founded on an injury to personal property while the

cause supported by the evidence of plaintiff and submitted to the jury is for damages to real property.

The rule that a plaintiff must recover, if at all, on the cause pleaded in his petition and on no other is well settled. [Smith v. Pullman Co., 138 Mo. App. 238; Henry County v. Citizens. Bank, 208 Mo. 209.] No proof is permissible of facts not pleaded. [Brooks v. Blackwell, 76 Mo. 309.]

Our system of pleading requires a plain and concise statement of the facts on which the plaintiff founds his alleged right to a recovery and if such statement embraces the constitutive elements of a good cause, the petition will be held good, especially after verdict, though other facts may be stated indicating that the pleader was mistaken as to the proper remedy. In analyzing a petition thus attacked, care must be exercised to discriminate between things which pertain to the cause and those which are concerned only with the remedy. A material variance between *allegata* and *probata* means a variance relating to an essential element (or elements) of the cause. Variances as to purely remedial matters are immaterial. Given the statement of facts constituting a good cause of action the court will apply the proper remedy. We find the petition states all the facts essential to the cause submitted to the jury.

Early in the trial the court in one of the rulings on evidence expressed the erroneous view that injury to the fences should be treated as an injury to the inheritance but later corrected the ruling and in the instructions to the jury told them, in effect, to follow the well-settled rule that the measure of damages for such injury "is the actual value of the fence as it stood." [Steffens v. Fisher, 161 Mo. App. l. c. 395, and cases cited.] The erroneous ruling thus was cured and the point made of it by defendant cannot be considered as well taken.

The next point of defendant is that the true meas-
ure of damages for the injury to the pasture was the
cost of reseeding and the loss of rental value during
the period consumed in the restoration of the pasture.
That rule applies in instances where the grass roots
are destroyed or seriously injured (Adam v. Railroad,
139 Mo. App. 204; Doty v. Railroad, 136 Mo. App. 254;
Knight Bros. v. Railroad, 122 Mo. App. 38; Mattis v.
Railroad, 138 Mo. App. 61; Couch v. Railway, 158 S.
W. Rep. 347, 252 Mo. 34) but has no application here
for the reason that the injury was confined to the ma-
tured crop of grass or hay and did not involve the grass
roots nor injure anything but personal property that
had a market value. The court did right in instructing
the jury to measure such damage by the market value
of the property at the time of its destruction.

We do not share the view of defendant that in rul-
ings of the court on evidence the jury were led into
error as to just what should be included in the elements
of damage to the inheritance. The evidence from
which we have quoted, as well as the instructions of
plaintiff, show definitely and unmistakably that the in-
jury to the hedge, blackberry patch and fruit trees, in
the opinion of the court, comprised all of the elements
of such injury. That this was a correct expression of
the law cannot be doubted. The rule as stated in
Adams v. Railway, supra, is that where the destruction
of the thing includes but a temporary injury to the
land and the thing may be replaced in a comparatively
brief period, the true measure of damages is the cost of
replacing it and the rental value of the land until it is
replaced, but where the destruction of the thing inflicts
more than a temporary injury or the replacement
would be impossible or tedious and uncertain both in
cost and result, the criterion is the damage inflicted on
the market value of the land. The facts that fruit
trees, hedge and blackberry bushes are attached to the
soil and depend upon such attachment for life, sus-

tenance and utility and that when destroyed their replacement is tedious and a thing of uncertainty, both as to cost and result, have led to the rule which classes such things as belonging to the inheritance.

Other points argued in the briefs have been examined and are so clearly without merit that special mention of them is deemed unnecessary. The case was tried without prejudicial error. The judgment is affirmed. All concur.