WADE H. JONES, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1915.

1. FIRE: Apple Trees: Measure of Damages. Where apple trees are destroyed by fire the damage is to the inheritance and the measure of damage is the difference in value of the land before and after the fire.

2. ———: Meadow and Grass Roots: Measure of Damage. Where meadow or blue grass roots are destroyed by fire, the

measure of damage is the cost of reseeding and the rental value of the land until time in which the grass could be restored.

3. ————: **Hay in Stack: Posts: Measure of Damage.** Where personal property such as hay in stack and fence posts, cut and piled, are destroyed by fire the measure of damage is the market value of the property.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*Jno. W. Bingham, T. B. Davis* and *Fred S. Hudson* for appellant.

(1) The court erred in refusing defendant's instruction "O," directing a verdict for defendant, as there is no evidence whatever in this case that a single spark was emitted from an engine on defendant's railway. Manning v. Railway, 137 App. 635; Campbell v. Railway, 125 Mo. 349; Fitz v. Railway, 243 Mo. 76; Gibbs v. Railway, 104 Mo. App. 276; Peck v. Railway, 31 Mo. App. 123. (2) The damage, if any, to the fruit trees, shade and ornamental trees was to the inheritance (Jones' farm), and the damage to grass roots, if any, was the cost of reseeding and the rental value of the land during the time plaintiff would be deprived of crops of hay therefrom by reason of the fire. Couch v. Railway, 252 Mo. 36; Knight v. Railway, 122 Mo. App. 38; Adam v. Railway, 139 Mo. App. 204; Steckman v. Railway, 178 Mo. App. 375; Miller v. Railway, 180 Mo. App. 501. (3) A verdict that must necessarily have been the result of guess and conjecture on the part of the jurors cannot stand. Peck v. Railway, 31 Mo. App. 123; Peffer v. Railway, 98 Mo. App. 291; Moor v. Railway, 28 Mo. App. 622. (4) A verdict to stand must be supported by substantial evidence. Such is not the case here; the verdict cannot

stand.   McFarland v. Accident Ass'n., 124 Mo. 204; Hewitt v. Steele, 136 Mo. 237; Cole v. Armour, 154 Mo. 332; Hurtz v. Martz, 58 Mo. App. 408.   (5) Plaintiff must recover, if at all, on the cause pleaded in his petition, and on no other.   Smith v. Pullman Co., 135 Mo. App. 238; Henry Co. v. Citizens Bank, 208 Mo. 209; Steckman v. Railway, 178 Mo. App. 378.   (6) The cour erred in refusing defendant's instruction number 7.   Elliott on Rys., Section 1224; 33 Cyc., p. 1332.

*Jno. W. Clapp* for respondent.

The court did not err in overruling appellant's instruction in the nature of demurrer offered at the close of respondent's testimony.   Gibbs v. Railway, 104 Mo. App. 276; Peck v. Railway, 31 Mo. App. 126.   The statute expressly forbids the court to reverse a judgment because of any error committed by the court during the progress of the trial before it, unless such error be prejudicial on the merit.   Sec. 2082, R. S. 1909; First National Bank v. Wells, 98 Mo. App. 578; Walker v. Cooper, 97 Mo. App. 447; Okeefe v. Railroad, 124 Mo. App. 623; Hogan v. Railroad, 150 Mo. 51; Melvin v. Mound City, 172 S. W. 483.   Parties in appellant court are bound by the positions they take in the trial court. Walker v. Owen, 79 Mo. 563; Dice v. Hamilton, 178 Mo. 90.

ELLISON, P. J.—Plaintiff's action is for damages for destruction by fire of fruit trees, roots of meadow and blue grass, as well as hay in the stack, a large quantity of apples, fence posts and pasture.   The petition is in four counts and a verdict for plaintiff was rendered on each.

Defendant insists that there was no evidence to show that the fire started from fire thrown from its passing engines.   Defendant's road runs through a part of plaintiff's farm.   There were two fires.   Each

was discovered shortly after a train had passed, and while no one saw sparks thrown from the engine, we think sufficient circumstances were shown to prevent us from declaring, as a matter of law, that no evidence was produced by plaintiff.

But the case seems to have been tried without reference to a line of decisions on the manner of ascertaining the damages. Plaintiff's damage by destruction of his orchards was to the inheritance, and the measure of damage was the difference between the value of the land before and after their destruction by the fire. The damage for killing the grass roots would be the cost of reseeding and rental or decreased rental value, during the time in which the grass could be restored. The damage to the stacked hay and other personal property was its market value. The distinction, or difference, in these kinds of damage, practically was ignored in the evidence and instructions.

As to the destruction of fruit trees the following was stated by Judge BOND in Shannon v. Hannibal & St. Joe Ry., 54 Mo. App. 223, 226: "The true rule, as deduced from the authorities, is, that in such actions the measure of damages depends upon the relation the trees or shrubs sued for bear to the soil. If their chief value exists when separated from the soil, then their value after removal may be shown as the measure of damages. If on the other hand their essential value arises from their connection with the soil, then the difference in value of the land before and after their removal is the measure of recovery of the owner. This is a sound principle supported by safe legal principles, and establishes a method of distinction which can be practically applied." We applied the rule in Doty v. Railroad, 136 Mo. App. 254, and the Springfield Court of Appeals did likewise in Miller v. Railway Company, 180 Mo. App. 501. And we stated the rule

to be applicable to the destruction of. shade, or ornamental trees. [White v. Stoner, 18 Mo. App. 540, 551.]

The rule governing the destruction of the grass roots we have already stated was cost of reseeding and rental value, until the grass is restored. Couch v. Railroad, 252 Mo. 34; S. C., 141 Mo. App. 256; Knight Bros. v. Railroad, 122 Mo. App. 38; Adam v. Railroad, 139 Mo. App. 204; Mattis v. Railroad, 138 Mo. App. 61; Steckman v. Railroad, 178 Mo. App. 375.

The evidence and the instructions should be directed to the distinctions stated, herein. The judgment is reversed and cause remanded. All concur.