Mueller, Respondent, v. St. Louis & Iron Mountain Railroad Co., Appellant.

1. In an action of trespass for damages for wrongfully entering upon lands and taking and carrying away the soil, &c., the proper measure of damages is not the actual damage sustained, but the value of the land removed.

*Appeal from St. Louis Land Court.*

This was an action of trespass for damage done the plaintiff by the Railroad Company, in wrongfully entering upon the lands of plaintiff, and the digging up and carrying away of the soil, &c., of said land. Defendant asked the following instructions, which were refused by the court below: "1. The jury are instructed that if the acts complained of were done by the defendant for the purpose of building its road on the premises in question, and that no more injury was done than was necessary for that purpose, then the plaintiff is only entitled to recover for the actual damage sustained. 2. The jury are instructed that the plaintiff is only entitled to recover for the actual injury to the premises, and that he is not entitled to recover any damages on account

of the lots being divided, or for the taking of a portion of the lots in question.

*S. A. Holmes*, for appellant.

*Bland & Colman*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

The only point which occasioned any hesitation in entering an affirmance of this judgment at the last term, is the refusal of the land court, on the trial, to give an instruction, asked by the defendant, to the effect that the plaintiff was not entitled, in this action, to recover the value of the land which the Railroad Company appropriated to their use and upon which their road is constructed and in daily operation. The action is trespass; and as the damages given by the jury, under the rule for estimating them furnished by the court, seem, from the testimony, to have been a full compensation for the injury to the plaintiff's lot occasioned by the construction of the road, it appeared but equitable, either that this judgment should be a final adjustment of the plaintiff's claim or that a different rule of damages from the one given by the court should govern. But the case of Jones v. Gooding, 8 Mes. & Wels. 145, is an authority for the measure of damages declared in the instruction given. That was an action of trespass for cutting a ditch along the edge of plaintiff's close, and carrying away the soil, &c.; and the court held the measure of damages to be the value of the land taken and not the expense of restoring it to its original condition.

If any inconvenience results to the company, from their liability to repeated actions, it is the result of their own neglect to have the land condemned, as they were authorized and required to do by their charter. A question might arise, in the event of a second action, or in a proceeding by the company under their charter to obtain the title, whether the damages, in such subsequent proceedings, would not necessarily be nominal, or, to some extent, affected by the present

judgment; but as the plaintiff proposes to make the company a deed, and considers the present suit as a final settlement of his claim, any opinion in relation to the difficulties suggested is unnecesary.

Judgment affirmed. The other judges concur.