WILLIAM R. FLYNT, Respondent, v. CHICAGO, BURLINGTON AND QUINCY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1.  **Trespass:** REPAIRING INJURY : NOMINAL DAMAGES. Where defendant's servants inadvertently remove some earth from plaintiff's land, and upon complaint replaced so that no substantial injury resulted, plaintiff is only entitled to nominal damages, and it is error to refuse so to instruct them, and, instead, instruct them that the replacing of the dirt makes no difference.

2. ———: MEASURE OF DAMAGES: INSTRUCTION. In such case, the measure of damages is the value of the soil and grass removed, and the jury should have been so instructed, and it is error to direct the jury to assess plaintiff's damages at whatever sum they believe him entitled to from the evidence, as this leaves them in the dark on the measure of damages.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*A. W. Mullins* and *B. J. Northcott,* for the appellant.

(1) The court below erred in giving plaintiff's instruction number 1, because said instruction, in authorizing the jury to assess plaintiff's damages at whatever sum they believe from the evidence he is entitled to, was misleading, and liable to cause the jury to draw on their own notions for reasons for mulcting a railroad corporation in heavy damages. *Weaver v. Hendrick,* 30 Mo. 502. (2) Plaintiff's first instruction practically refers a question of law to the jury. This is erroneous. *Coleman v. Roberts,* 1 Mo. 97; *Fugate v. Carter,* 6 Mo. 267; *Newman v. Lawless,* 6 Mo. 279; *Hickey v. Ryan,* 15 Mo. 62. (3) Plaintiff's second instruction ought to have been refused, because it asserts in effect the monstrous doctrine, that nothing that defendant did in placing plaintiff in *statu quo,* with respect to the dirt that had been removed, could be considered by the jury in mitigation of damages. In this same connection respondent urges that the court erred in refusing the defendant's third instruction, which asserts the doctrine opposed to plaintiff's instruction number 2. 1 Sedg. Meas. Dam., p. 298, note *a.* (4) The damages assessed against defendant are excessive and, evidently, the result of prejudice or mistake. Nothing more than nominal damages could properly be

given in this case. *Metzner v. Graham*, 66 Mo. 653; 1 Sedg. Meas. Dam. 90. This is not a case for exemplary damages, because no malice, violence, or oppression or wanton recklessness is shown. *Kennedy v. Railroad*, 36 Mo. 351.

*E. R. Stephens*, for the respondent.

(1) The defendant's objection to the admission of the evidence respecting the overflow of the land is disposed of by the plaintiff declining to ask any instructions to the jury for damages, by reason of said overflow. (2) It is sufficient to say that instructions number 1 and 2, given for plaintiff, were proper and embraced the law of the case. (3) The court properly refused instructions numbers 1, 2 and 3, asked by defendant. There was no evidence, whatever, to support number 1 and 2, and, as to the third instruction, by referring to paragraphs 2 and 5, pages 16 and 17, appellant's brief, it is clear that defendant conceded plaintiff's cause of action, and, as there were no justifying facts or circumstances shown by defendant for unlawfully entering upon the land and removing the soil and grass, or for returning and attempting to replace it, it necessarily followed that said instruction should have been refused. 1 Suth. Dam., pp. 226 and 227, sec. 3. (4) The compensation, twenty-five dollars, given by the jury, was certainly not unjust to defendant. The finding was for the right party, and the verdict ought not to be disturbed. Upon the whole case, the court committed no error in giving or refusing instructions. It is respectfully submitted that defendant has brought this case here without cause, and that its defense to the action is without merit, and the judgment should be affirmed with damages.

Flynt v. Chicago, B. & Q. Ry. Co.

GILL, J.—This is an action for trespass alleged to have been committed by the defendant, in entering upon the land of plaintiff adjoining defendant's railroad, and digging up and carrying away the grass and soil. On a trial had before the circuit court, a verdict and judgment was had for the plaintiff, and defendant appeals.

It is clear, from the record, that defendant was guilty of a technical trespass. In reconstructing a country crossing over defendant's road, it appears that the hands thus engaged inadvertently got upon the plaintiff's land a few feet, and dug up the soil and scraped it over onto the approach of the crossing. When informed that they were trespassing, the evidence tends to show that they returned a large part, if not quite all, of the dirt thus wrongfully taken away. However, the plaintiff brought this suit, and however small the matter in controversy may be, the parties are entitled to measure their rights by the law of the land.

I. We think the trial court committed error, as against the defendant, by refusing to give the following instruction, asked for by defendant's counsel:

"3. If the jury should believe that some employe of defendant did the digging and removing of dirt complained of by plaintiff, and that, afterwards, as soon as complaint was made of the matter, the said dirt was replaced so that no real or substantial injury has resulted to plaintiff, then plaintiff is only entitled to nominal damages."

. And in giving the following, on motion of plaintiff:

"2. They are further instructed that the replacing of dirt by the defendant company makes no difference in this case."

Evidence had gone to the jury to the effect that the soil had been replaced, and it was, we think, clearly admissible in mitigation of damages. 1 Sutherland on Damages, p. 238, *et seq.* .

II.   So it was error to say to the jury, as it was in plaintiff's first instruction, that if they found for the plaintiff they should "assess his damages *at whatever sum they believe, from the evidence, he is entitled to,*" etc.   The court here left the jury in the dark on the measure of damages.   They were left to determine for themselves just what manner of damages plaintiff was entitled to under the law.   It would seem that, under the evidence and petition in this case, plaintiff was simply entitled to the value of the soil and grass removed, and the jury should have been so instructed. *Mueller v. Railroad,* 31 Mo. 262; *Soulard v. St. Louis,* 36 Mo. 546; *Hickerson v. Mexico,* 58 Mo. 61; 3 Sutherland on Damages, p. 372, *et seq.*

For the errors thus appearing in the record, the judgment must be reversed and cause remanded.   All concur.