LEVI DOTY, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, March 1, 1909.**

1. **RAILROADS: Fire: Pleading: Evidence: Instruction.** The evidence and the instruction submitted to a jury should not exceed the limits of the cause pleaded in the petition, and a criticism of a pleading in regard to the injury to apples is held to be hypercritical, since its evident purport was to include the ungarnered fruit of the trees in the property charged to have been injured.

2. ————: ————: **Orchard: Apples: Damages: Instruction.** An instruction on the measure of damages for burning an orchard and the fruit thereof is condemned since the fruit of the trees had matured and was personal property whereas the damaged trees were a part of the realty and the same rule of damage does not apply to each; and, besides, the instruction appears somewhat vague and indefinite.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) Appellant contends that the court erred in admitting evidence of the market value of the apples, what they sold for, and what the windfalls or apples lying upon the ground were worth. Brooks v. Blackwell, 76 Mo. 309; State ex rel. v. Martin, 77 Mo. 670; Haines v. Pearson, 100 Mo. App. 555; Cook v. Putnam Co., 70 Mo. 668; Arnold v. Maryville, 110 Mo. App. 254; Galm v. Railroad, 113 Mo. App. 591; Garvin v. Railway, 100 Mo. App. 617. (2) The court erred in giving plaintiff's first instruction. The apple trees and the fruit thereon, if not matured, were a part of the realty, and the measure of damages for the injury

thereto was the difference in the market value of the realty just before and just after the injury by reason of the injury by the fire. White v. Stoner, 18 Mo. App. 550; Gates v. Railway, 44 Mo. App. 495; Shannon v. Railway, 54 Mo. App. 226; Dwight v. Railroad, 34 Cent. Law Jour. 409, 28 Am. St. 563; Matthews v. Railroad, 142 Mo. 665; Diggs v. Railway, 110 S. W. 10; 13 Am. and Eng. Ency. of Law (2 Ed.), 538; Bobb v. Granite Company, 41 Mo. App. 642; Railway v. Stewart, 201 Mo. 499; Gessley v. Railway, 26 Mo. App. 160; Hassett v. Rust, 64 Mo. 325; Abbott v. Railway, 83 Mo. 271. (3) The evidence showed that the apples on the trees were matured, and the measure of damages as to the injury of the apples on the trees as well as those on the ground, was the difference in their market value just before and just after the injury, in the situation they were in at that time, and not the difference in the market value of the premises as declared in the instruction. Dwight v. Railroad, 34 Cent. Law Jour. 409, 28 Am. St. Rep. 563; Shannon v. Railway, 54 Mo. App. 226; 13 Am. and Eng. Ency. of Law (2 Ed.), 539, 540; note 4; Atkinson v. Railroad, 63 Mo. 367; Matthews v. Railway, 142 Mo. 664.

*A. G. Knight* for respondent.

(1) It was at one time held in this State that where fruit or ornamental trees were destroyed that a plaintiff is entitled to show the value of the trees. And, it was held by the courts that there was no intrinsic difficulty, as they then conceived, in estimating the value of a fruit tree growing upon land, although it had strictly no market or commercial value as a tree, independent of the land which sustained it, and that the recovery must be for the value of the thing though destroyed and not for the difference in the value of the land before and after such destruction. White v. Stone, 18 Mo. App. 550. But now it is ruled in this State

that the measure of damages is the difference in the market value of the land or premises or property just before and just after the injury.  Shannon v. Railroad, 54 Mo. App. 225; Muldrow v. Railroad, 62 Mo. App. 433; Trust Co. v. Bambrick, 149 Mo. 569; Cooley v. Railroad, 149 Mo. 489; Gates v. Railroad, 44 Mo. App. 495; Brown v. Railroad, 80 Mo. App. 460; Ready v. Railroad, 98 Mo. App. 467; Tegeler v. Kansas City, 95 Mo. App. 162; Carson v. Springfield, 53 Mo. App. 296; Paddock v. Somes, 51 Mo. App. 326; Hudson v. Burke, 48 Mo. App. 317; Wallace v. Railroad, 47 Mo. App. 496; Autenreith v. Railroad, 36 Mo. App. 263.  (2)  And the opinion of witnesses are admissible as to this difference in the value of the property.  Matthews v. Railroad, 142 Mo. 666; Thomas v. Mullinckrodt, 43 Mo. 65, and cases cited; Eyerman v. Sheehan, 52 Mo. 221.  (3)  And no negligence short of fraud bars a plaintiff's right of recovery in this sort of action.  Matthews v. Railroad, 121 Mo. 298.  (4)  If the defendant desired any fuller explanation of what was meant by "property" or "land" or "premises" it should have asked it.  Otto v. Railroad, 12 Mo. App. 168; Brown v. Railroad, 13 Mo. App. 468; Campbell v. Railroad, 16 Mo. App. 553; Hyde v. Book & News Co., 32 Mo. App. 298; Railroad v. Randolph Townsite Co., 103 Mo. 451, 15 S. W. 437; Doyle v. Railroad, 113 Mo. 280, 20 S. W. 970.  (5)  It was proper for the plaintiff to put the jury in possession of all the facts to enable them to determine the difference in the value of the premises just before and just after the fire.  As in cases of this character, the evidence is permitted to take a wide range in order that the jury may be in a position to estimate the true extent of the injury.  Lester v. Mining Co., 1 Am. and Eng. Ann. Cases 762; Matthews v. Railroad, 142 Mo. 666; Connor v. Railroad, 181 Mo. 419; Damman v. St. Louis, 152 Mo. 198; Smith v. Kansas City, 128 Mo. 31; Hunt v. Railroad, 126 Mo. App. 265; Matthews v. Railroad, 142 Mo. 666; Connor v. Railroad, 181 Mo. 419.

JOHNSON, J.—Plaintiff sued under section 1111, Revised Statutes 1899, to recover damages for an injury to apple trees and the fruit thereon alleged to have been caused by a fire from one of defendant's locomotives. The answer is a general denial. Verdict and judgment were for plaintiff in the sum of $450, and the cause is here on the appeal of defendant.

The injury occurred September 26, 1906. It appears quite conclusively that sparks from a passing engine on defendant's railroad set fire to grass and stubble and that the fire spread to the adjoining premises of plaintiff and injured trees in his apple orchard. The evidence of plaintiff shows that twenty-six bearing apple trees were badly and permanently injured and that the apples on the trees and on the ground under them were damaged. The principal errors assigned by defendant relate to the measure of damages. It is insisted that evidence of damages not pleaded in the petition was erroneously admitted and that the instruction given at the request of plaintiff does not express the proper rule of damages. The petition alleges: "That on or about the 26th day of September, 1906, at said Bowman Township in said Sullivan County, Missouri, fire was communicated from a locomotive engine then in use by defendant, its agents, servants and employees upon its said railroad, to certain grass, stubble and combustible matter and to certain apple trees and apples thereon belonging to and being upon the premises and lands of the plaintiff and situated and being on the farm aforesaid, destroying then and there and injuring and burning twenty-six (26) of said apple trees of the reasonable value of twenty-five ($25) dollars each and the apples thereon of the reasonable value of five ($5) dollars on each of said trees, to plaintiff's damage in the sum of seven hundred and eighty ($780) dollars."

The evidence of which defendant complains per-

136 App—17

tains to the apples which had fallen from the trees and were destroyed by the fire. It is pointed out that no other apples than those on the trees are mentioned in the petition, and the well-known rule is invoked that the scope of the proof and of the cause submitted to the jury must not exceed the limits of the cause pleaded in the petition. We think the objection is hypercritical. The petition does not speak of "windfalls" in special terms, but the evident purport of its allegations was to include the ungarnered fruit of the trees in the property charged to have been injured. Such fruit necessarily would consist of the apples on the ground under the trees as well as those on the trees. The evidence was admissible.

The instruction criticized is as follows: "The court instructs the jury that if they believe from the evidence that the defendant, the Quincy, Omaha & Kansas City Railroad Company, on or about the 26th day of September, 1906, while running a locomotive steam engine, cars and coaches on its line of railroad in Sullivan county, Missouri, through its servants, agents and employees, permitted fire to escape and be communicated from such locomotive engine, then and there, to certain grass, stubble and combustible matter then and there being upon plaintiff's premises, and burning, injuring and destroying certain apple trees and apples thereon, then you will find for the plaintiff and assess his damages at the difference, if any, in the reasonable market value of said property and premises just prior to such fire and just after the same, not exceeding the sum of $780, the amount claimed in the petition."

Since the evidence discloses that the fruit of the trees had matured, such fruit should no longer be treated as a part of the realty but as personal property, and plaintiff was entitled, as a part of his damages, to recover the difference between the market value of the damaged apples just before the fire and their market

value just after. A different rule applies to the measure of damages caused by the injury to the trees themselves. Being attached to and sustained by the soil, they were a part of the land—were real and not personal property. As bearing fruit trees, their chief value depended on their attachment to the land. Recoverable damages for the injury to them consists alone of the effect such injury had on the market value of the land, and the jury should have been instructed to find the amount of such damages by the ascertainment of the difference between the market value of the land immediately before and its market value immediately after the injury. [White v. Stoner, 18 Mo. App. 540; Gates v. Railway, 44 Mo. App. 488; Shannon v. Railroad, 54 Mo. App. 223; Matthews v. Railway, 142 Mo. 645.]

The instruction under review does not declare the rule expressed. It is somewhat vague and indefinite, but properly construed; it not only authorized the recovery of damages to the market value of the land and to the market value of the crop, but also allowed the jury to assess damages for the trees considered apart from the land. This was palpable error, especially in view of the testimony of a number of witnesses that each tree was of the value of $20 or $25. Thus the jury might have been misled into awarding double damages on account of the injury to the trees. The error is not to be regarded as a mere non-direction, but as a positive misdirection, and, therefore, it cannot be deemed cured by the instructions given at the instance of defendant.

We find no other error in the record. The judgment is reversed and the cause remanded. All concur.