## JOHN W. MILLER, Respondent, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

### Springfield Court of Appeals, May 23, 1914.

1. **TREES: Destruction by Fire: Measure of Damages.** Where fire from a railroad engine destroyed a number of small pine and cedar trees, ranging in height from eight inches to three feet, the measure of damages is not the difference in the value of the trees before and after the fire, but the difference in the value of the land before and after the fire.

2. **HAY CROP: Destruction by Fire: Measure of Damages.** Where a hay meadow ready for cutting was destroyed by fire from a railroad engine, the measure of damages was the value of the crop of hay and the cost of reseeding the meadow.

3. **WITNESSES: Expert: Objection to Hypothetical Question.** Where a witness was asked an hypothetical question as to the probable damage caused by a fire destroying a meadow and numerous trees, the question as to the lack of knowledge of the witness that would disqualify him from testifying as an expert, was not sufficiently raised by an objection on the ground that the question was incompetent, irrelevant and immaterial and because the witness stated that he knew the value of the land and that was sufficient.

4. **APPELLATE PRACTICE: Saving Objections: Record.** Where the objection to certain testimony was "for the same reason last given" and it is uncertain what the "last given reason" is, the appellate court will not review the ruling of the trial court thereon

Appeal from Newton Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*Cyrus Crane* and *O. L. Cravens* for appellant.

(1) The measure of damages for injury by fire to forest trees is the value of such trees before and their value after the fire. Atkinson v. Railroad, 63 Mo. 367; Carter v. Railroad, 128 Mo. App. 57; Crouch v. Railroad, 141 Mo. App. 256; Matthews v. Railroad, 142 Mo. 645. (2) The measure of damages for destroying a meadow is the expense of reseeding it and the rental value of the land during time plaintiff is deprived of crops of hay therefrom. Crouch v. Railroad, 158 S. W. (Mo. Sup.), 347.

*J. A. Sturges* and *Horace Ruark,* for respondent.

(1) Where the realty has been damaged, the measure is the difference in the value of the land before and after the fire. St. Louis Transit Co. v. Bambrick, 149 Mo. 569; Matthews v. Railroad, 142 Mo. 645; Adams v. Railroad, 139 Mo. App. 207; Doty v. Railroad, 136 Mo. App. 258; Shannon v. Railroad, 54 Mo. App. 225. (2)

When the chief value of the property exists when separated from the soil, the damage would be the value of property. But where the essential value arises from its connection with the soil, the measure is the difference in the value of the land before and after the injury. Shannon v. Railroad, 54 Mo. App. 223; Mathews v. Railroad, cited above; 3 Sedgwick of Damages (9 Ed.), Sec. 933. (3) Where both the roots of the meadow, and the matured crop of hay are destroyed, the measure of damages is the value of the crop destroyed, plus the cost of reseeding, and the rental value. Mattis v. Railroad, 138 Mo. App. 61.

ROBERTSON, P. J.—This action originated in McDonald county circuit court and on change of venue was tried in Newton county resulting in a verdict in favor of the plaintiff on the first count in his petition for $125, on the second count for eight dollars and on the third for twelve dollars. The defendant has appealed.

Plaintiff's petition alleges as the first cause of action that by reason of a fire on or about November 14, 1911, communicated to the land mentioned by an engine owned and operated by the defendant on its road, certain young timber was destroyed causing damage to the amount of $800. The second cause of action alleges that in June, 1911, one acre of meadow on said land was destroyed by a fire set out in the same manner, causing damages to the amount of ten dollars. The third cause of action alleges that in September, 1912, a fire set out in the manner above stated, destroyed two acres of meadow on said land causing fifteen dollars damages.

The land was owned by the wife of plaintiff but the cause of action was assigned to him and there is no point made here on that question.

The testimony offered by the plaintiff in support of the first cause of action tended to prove that a large number of small cedar and pine trees were growing

upon the land and the damages were, over the objection of the defendant, proved by testimony tending to show the value of the land before and after the fire. The testimony discloses that the fire which occurred in June, 1911, referred to in the second cause of action, destroyed the timothy then growing on the meadow which was about ready for harvesting, and the testimony tended to prove the value of the crop and also the cost of reseeding the ground. In support of the third cause of action the testimony introduced was as to the cost of reseeding the meadow which it is claimed was destroyed.

At the close of the testimony the court instructed the jury that if they found for the plaintiff on the first cause of action in assessing the damages they should place them at such sum as would equal the difference in the reasonable market value of the land immediately before the fire and immediately thereafter; that on the second cause of action the damages should be assessed at the reasonable value of the crop destroyed and the cost of reseeding the land; and as to the third cause of action the damages were to be determined by the cost of reseeding the land.

There are but three points submitted to us by the appellant: (1) that the measure of damages for injury by fire to forest trees is the value of said trees before and their value after the fire; (2) that the measure of damages for destroying the meadow is the expense of reseeding it and the rental value of the land during the time the plaintiff is deprived of crops of hay therefrom; and (3) that the court erred in permitting hypothetical questions to be asked two witnesses not properly based on evidence, and it is immaterial as to the effect the fire would have on the market value of the land, the damage being to the trees rather than to the inheritance.

As to the first point, in an opinion in the case of Shannon v. Railroad, 54 Mo. App. 223, 226, Judge

BOND states the rule with reference to damages to trees as follows: "If their chief value exists when separated from the soil, then their value after removal may be shown as the measure of damages. If, on the other hand, their essential value arises from their connection with the soil then the difference in value of the land before and after the removal is the measure of recovery of the owner." That opinion is cited with approval in the case of Matthews v. Railroad, 142 Mo. 645, 665, 44 S. W. 802.

The appellant directs our attention to the case of Atkinson v. Railroad, 63 Mo. 367, as an authority in support of the contention that the plaintiff should have been confined to the difference in the value of the trees before the fire and their value thereafter. The damages there sought to be recovered was for injury done to forest trees and the court remarked, in reversing and remanding the case, in view of a retrial, that such was the true measure of damages. But applying the rule announced in the *Shannon and Matthews* cases, supra, we are of the opinion that the proper measure of damages was adopted in the case at bar. The plaintiff testified that the trees destroyed were numerous and small, ranging in height from eight inches to three feet. Such trees would have no value when severed from the soil.

As to the second cause of action, the court properly submitted thereunder the two items of damages proven without objection. The appellant insists under the second point, as above stated, that the proper measure of damages was not applied. The plaintiff is entitled to recover the value of the crop of hay, since it was practically ready for cutting; and on account of the destruction of the meadow, the cost of reseeding. [Adam v. Railroad, 139 Mo. App. 204, 122 S. W. 1136; Doty v. Railroad, 136 Mo. App. 254, 116 S. W. 1126.]

On the third cause of action the proper measure of damages was applied. Prior to the opinion of the

Supreme Court in the case of Couch v. Railroad, 252 Mo. 34, 158 S. W. 347, which had been certified to that court by the Kansas City Court of Appeals (141 Mo. App. 256), there were two inconsistent lines of authorities in this State but it was held by the Supreme Court in that case that the Kansas City Court of Appeals had announced the correct rule.

The objection in the third point made by the appellant, on the submission of hypothetical questions said not to be based on evidence, relates to the testimony of a witness who, while testifying, was hypothetically asked the probable damage caused by the fire and what effect that would have on the market value of the land. The objection urged at the trial was that it was incompetent, immaterial and irrelevant, followed by this: "He states that he knew the land and knew the value of the land and that ought to be sufficient." The witness then proceeded to testify as to the value of the land before and after the fire, to which the defendant objected because not competent proof of damage. There was no sufficient objection to raise the question of the lack of knowledge of the witness that would render him disqualified from testifying as an expert. In fact, the attorney for the defendant, in that part of the objection quoted, concedes that the witness knew the land and knew the value of the land, but the subsequent objection discloses that the point that was sought to be raised was that the proper measure of damages was not being adopted and we have above disposed of that question.

The testimony of another witness on which error was assigned in the third point as to its admission, was as to the value of the land before the fire went over it and its value thereafter. The objection noted in the record is "for the same reason last given." Tracing the record backward, we do not find any previous objection to the testimony of this witness; but an examination of the record as to the testimony of the

witness just previous to this one discloses another objection referring to a previous objection, and the first stated objection is as follows: "Objected to because it is not a proper way to prove the market value of the land and it is not shown that he knows." The objection was sustained. The next previous objection was that the facts there called for were not proper proof of damages. Upon this state of the record, even though it may be the duty of an appellate court to run down the reasons for objections, it unquestionably does not become our duty to ferret out and determine the particular proposition that the objector has in mind when his purpose is beclouded as here. We are of the opinion, as we read the record and as disclosed by the third point made in behalf of the appellant here, that the principal insistence is that the proper measure of damages was not adopted. Upon this point we have ruled adversely to the appellant.

The judgment is affirmed. *Farrington* and *Sturgis, JJ.,* concur.