E. L. BARNES, RESPONDENT, v. ARKANSAS-MISSOURI POWER COMPANY, APPELLANT.*

In the Springfield Court of Appeals.   Opinion filed March 2, 1926.

**1.—Trespass—Common-law Action—Measure of Damages.**  In a common-law action of trespass for injury to the freehold, the measure of damages is the difference in the value of the land before and after the trespass.

**2.—Damages—Trespass—Measure of Damages for Removing Trees Stated.** The general rule is that the measure of damages for trees which are not valuable for timber is the injury to the land caused by destroying them, since the value of such trees, considered apart from the land, would not be adequate compensation for the trespass.

**3.—Same—Same—Shade or Ornamental Trees.**  Measure of damages in a case where damages are sought for the destruction of a tree used for shade or ornament is the difference in the market value of the premises on which the tree is growing with and without the tree, whether the action be for single damages or under a treble-damage statute.

**4—Trespass—Damages—Shade or Ornamental Trees—Treble Damages Statute.**  In action under section 4242, Revised Statutes 1919, for treble damages for destruction of shade and ornamental trees, the measure of damages is the difference in value of the premises immediately before and after the trespass, notwithstanding the wording of the statute, and the trees having no substantial value, when considered in their severed state.

**5.—Same—Treble Damages held Not Recoverable Under Evidence.**  In view of section 4245, Revised Statutes 1919, treble damages for destruction of shade and ornamental trees are not recoverable under section 4242, Revised Statutes 1919, where defendant cuts trees under erroneous impression that right of way for power line had been granted by state highway engineer.

**6.—Same—"Probable Cause"—Statutory Use of Term Construed.**  The term "probable cause," as used in section 4245, Revised Statutes 1919, providing that treble damages in action brought under section 4242 cannot be recovered if defendant has "probable cause" to believe land on which trespass was committed was his own, means existence of such facts as would

lead a reasonably prudent person to believe that he had the lawful right to do the act charged to be a malicious trespass.

_____

*Corpus Juris-Cyc. References: Damages, 17CJ, p. 891, n. 50; p. 981, n. 54; p. 985, n. 98. Trespass, 38Cyc, p. 1126, n. 12; p. 1131, n. 49; p. 1132, n. 50, 51, 52, 53; p. 1146, n. 44.

Appeal from the Circuit Court of Dunklin County.—Hon. W. S. C. Walker, Judge.

Affirmed (*on condition*).

*Hugh B. Pankey* and *Hal H. McHaney*, both of Kennett, for appellant.

(1)  The court erred in admitting testimony of respondent, E. L. Barnes, and witnesses, Harry Petty and Carl Blair, in behalf of respondent.  1.  Said witnesses testified as to an improper measure of damage. (a)  The case was submitted to the jury under respondent's instruction numbered 1 upon the theory that respondent's action was based upon a statutory action in trespass for cutting shade trees, in which the proper measure of damage is three times the value of the thing destroyed. Sec. 4242, R. S. 1919; Henry v. Lowe, 73 Mo. 96; Shrewsbury v. Bawtlitz, 57 Mo. 414; Flynt v. B. & O. Ry. Co., 38 Mo. App. 94; Soulard v. City of St. Louis, 36 Mo. 546; Mueller v. St. Louis, Iron Mt. Ry. Co., 31 Mo. 262; Herron v. Hornback, 24 Mo 492; Labeaume v. Woolfolk, 18 Mo. 514.  (b)  Said witnesses were permitted to testify to the measure of damage applicable in a common-law action in trespass for damage to the freehold. Ritchie v. State Board of Agr., 266 S. W. 492; McKensie v. Guthrie, 212 S. W. 563; Doty v. Quincy, O. & K. C. Ry. Co., 136 Mo. App. 256, 116 S. W. 1126; Steckman v. Quincy, O. & K. C. Ry. Co., 178 Mo. App. 375, 165 S. W. 1122; Jones v. Chicago M & St. P. R. Co., 189 Mo. App. 6, 176 S. W. 465; Bungenstock v. Nishnabotna Drainage Dist., 163 Mo. 198.  2.  Said witnesses were not properly qualified as expert witnesses on value of shade trees. Schrodt v. City of St. Joseph, 109 Mo. App. 627, 83 S. W. 543; Boyce v. Gingrich, 154 Mo. App. 198; 134 S. W. 79.  (2)  The court erred in giving respondent's instruction numbered 1.  1.  Said instruction submitted the case upon a different theory than substantiated by the evidence in that said instruction submitted the case upon the theory of a statutory action in trespass and the evidence was based on a common-law action in trespass. (a)  Said instruction is based on a statutory action in trespass. Sec. 4242, R. S. 1919; Cox v. St. Louis, M. & S. E. Ry. Co., 111 Mo. App. 394, 85 S. W. 989; Mueller v. St. Louis Iron Mt. Ry. Co., 31 Mo. 262; Flynt v. B. & O. Ry. Co., 38 Mo. App. 94; Henry

v. Lowe, 73 Mo. 96; Soulard v. City of St. Louis, 36 Mo 546; Herron v. Hornback, 24 Mo. 492. (b) The evidence in the case was based on a common-law action in trespass for damage to the freehold. Ritchie v. State Board of Agr., 266 S. W. 492; McKensie v. Guthrie, 212 S. W. 563; Doty v. Quincy O. & K. C. Ry. Co., 136 Mo. App. 256, 116 S. W. 1126; Steckman v. Quincy O. & K. C. Ry. Co., 178 Mo. App. 375, 165 S. W. 1122. (c) Said instruction was broader than the proof. Dakan v. G. W. Chase Co., 197 Mo. 238, 94 S. W. 944; Turner v. Baker, 42 Mo. 13; Gunn v. Hemphill Lumber Co., 218 S. W. 978; Simms v. Dunham, 203 S. W. 652. (2) Said instruction submits facts not proven, namely; that the trees destroyed were shade and ornamental trees. Gunn v. Hemphill Lumber Co., 218 S. W. 978; Simms v. Dunham, 203 S. W. 652; Stid v. Railroad, 236 Mo. 382, 139 S. W. 172; McAtee v. Valandingham, 75 Mo. App. 45. (3) Because the verdict of the jury is against the law, against the evidence and against the law and the evidence in the case. See Authorities under 1 and 2. (4) The court erred in refusing to set the submission aside upon request of the appellant when counsel for respondent in his closing argument to the jury said: "Big companies sometimes think they can ride over the little man, and get him;" said remark being clearly stated with the sole intention of prejudicing the minds of the jury and clearly affected the verdict. Beck v. Quincy O. & K. C. Ry. Co., 129 Mo. App. 7, 108 S. W. 132; Jackman v. St. Louis & H. Ry Co, 206 S W. 244; State v. Burns, 286 Mo. 665, 228 S. W. 766; Monroe v. Chicago & A. R. Co., 297 Mo. 622, 249 S. W. 644; Levels v. Railroad Co., 196 Mo. 517, 94 S. W. 273. (5) The court erred in sustaining respondent's objection to appellant's eliciting proof from respondent that a condemnation suit by the state highway commission was pending against him to acquire title to the land in controversy. Klotz v. Lindsay, 88 Mo. App. 594; Hannibal & St. Joseph Ry. Co. v. Crawford, 68 Mo. 80; Holliday v. Jackson, 21 Mo. App. 660; Pitt v. Daniel, 82 Mo. App. 168. (6) The court erred in refusing to sustain appellant's motion to strike out and dismiss respondent's motion for treble damages. 1. The State of Missouri or other municipal authority has the power to authorize the construction of electric light transmission lines along and upon state highways. The Julia Building Association v. Bell Tel. Co., 88 Mo. 258; Gaus & Sons Mfg. Co. v. St. Louis K. & N. Ry. Co. 113 Mo. 308; The W. U. Tel. Co. v. Guernsey & Scudder Light Co., 46 Mo. App. 120; Reinhoff v. Springfield Gas & Elec. Co., 177 Mo. App. 417, 162 S. W. 761. 2. The appellant believed it was acting within the limits of the right of way of a state highway by proper permission and therefore said trespass was not wilful so as to invoke treble damages. Klotz v. Lindsay, 88 Mo. App. 594; Hannibal & St. Joseph Ry. Co. v. Crawford, 68 Mo. 80; Holliday v. Jackson,

21 Mo. App. 660; Pitt v. Daniel, 82 Mo. App. 168. (3) All of the evidence in the case was based upon the admeasurement of damage in an action for single damage and it would be inequitable to invoke the penalty of the treble damage statute. Ritchie v. State Board of Agr., 266 S. W. 492; McKensie v. Guthrie, 212 S. W. 563; Doty v. Quincy, O. & K. C. Co., 136 Mo. App. 256, 116 S. W. 1126.

*Smith & Zimmerman,* of Kennett, for respondent.

(1) The court did not err in admitting the testimony of respondent E. L. Barnes and witnesses Harry Petty and Carl Blair because: (a) The case was submitted by plaintiff upon the statutory action in trespass for the cutting of shade and ornamental trees and plaintiff's testimony on the measure of damages was limited by the court, at the urgent instance and request of defendant, to the value of the trees cut and destroyed. R. S. of Mo. 1919, Sec. 4242; Mount Vernon Car Mfg. Co., v. Hirsch Rolling Mill Co., 285 Mo. 669; Ownby v. Kansas City Rys. Co., 228 S. W. 879; Hamra v. Orten, 208 Mo. App. 36. 1. The proper way to prove the value of shade or ornamental trees is to show the difference in the market value of the premises on which the trees are growing with and without the trees, especially so when you are suing for treble damages in trespass for the value of the shade or ornamental trees cut or destroyed. McKinsey v. Guthrie, 212 S. W. 563, 565; Jones v. Railroad, 189 Mo. App. 6; Doty v. Railroad, 136 Mo. App. 254; Miller v. Railway Co., 180 Mo. App. 501; 18 Mo. App. 551. 2. The court ruled, at the instance and request of appellant, that the rule contended for under 1, supra, did not apply to the case at bar—a statutory action in trespass for damages for cutting shade and ornamental trees, and it cannot now complain that plaintiff proved his damage by showing the value of the shade and ornamental trees cut by appellant, without reference to real estate. (b) The testimony of respondent's witnesses, complained of by appellant, was limited by respondent to the value of the trees cut, without reference to their attachment to the soil, and whatever testimony said witnesses gave tending to show damage to the land by the cutting of the trees, was elicited by appellant, in the face of its objections made at the outset of the case. 3. The testimony concerning the value of the trees was such as not to call for the opinion of experts, and the testimony of these witnesses was limited by the court to their knowledge of the value of such trees. Schrodt v. St. Joseph, 109 Mo. App. 629; Boyce v. Gingrich, 154 Mo. App. 198. 2. (a) The action was for a statutory trespass, cutting of shade and ornamental trees, and the instruction was based upon the same kind of action. R. S. 1919, sec. 4242. (b) The respondent asked for treble damages for the wrongful cutting of his shade and

ornamental trees and the court compelled him, at the request of appellant to limit his testimony to the actual value of the trees cut; and respondent is not bound by the conduct of appellant in showing by these witnesses that the value of the trees depended upon their location on the land.   (3)   The verdict of the jury is not against the law or the evidence, but was manifestly for the right party.   R. S. 1919, secs. 1226, 1513, 1550; Peterson v. Transit Co., 199 Mo. 331; Briscoe v. Railway, 208 S. W. 885.   (4)   The statement complained of was made in reply to arguments by counsel for appellant asking the jury to treat this company like they would their neighbors in a similar situation.   The statement was not harmful or prejudicial, and was not properly preserved to work reversal.   Diehl v. Bestgen, 217 S. W. 555; Grace v. Missouri, K. & T. Ry. Co., 212 S. W. 41; Pietzuk v. Kansas City Rys. Co., 232 S. W. 987.   (5)   The institution, or contemplated institution, of a condemnation suit for a man's land for public use would not justify the going on to his property and the destruction of his shade trees.   Ritchie v. State Board of Agriculture, 266 S. W. 492.   Appellant's evidence as to its authority to go upon respondent's land was hearsay and self serving and was improper. (6)   This was a proper case for the trebling of damages for cutting of shade and ornamental trees in which it had no right or interest.   R. S. 1919, sec. 4242; McKinsey v. Guthrie, 212 S. W. 563; Ritchie v. State Board of Agriculture, 266 S. W. 492.   The trial court heard the evidence and found that the cutting of the trees was wilful and that defendant had no right or interest in the trees.

BRADLEY, J.—Plaintiff sued under section 4242, Revised Statutes 1919, to recover treble damages for the destruction of certain shade and ornamental trees upon his land.   The cause was tried before the court and a jury and the value of the trees destroyed was fixed by the verdict at $500.   On motion this amount was trebled and judgment rendered for $1500 and defendant appealed.

The petition is sufficient in form for treble damages under the statute.   The answer is a general denial.   The evidence shows that defendant cut down and destroyed shade and ornamental trees on plaintiff's land.   The two assignments of consequence are based upon the character of evidence offered to establish the value of the shade and ornamental trees cut down, and upon the action of the court in sustaining plaintiff's motion to treble the damage as found by the jury.   We will dispose of these assignments in the order presented.

Plaintiff was asked this question: "If you know tell the jury what the difference in value of that land is before the trees were cut and after?"   Objection was made on the ground that under the petition, based on the statute, for treble damages such character of evidence as called for by the question was incompetent.   The objection

220 M. A.—10.

was sustained, and plaintiff's counsel then offered to prove by plaintiff that the difference between the reasonable market value of the lands described with and without the shade and ornamental trees cut down and destroyed was $1000, but such offering was excluded. After the exclusion of the offer counsel asked plaintiff this question: "Now, Mr. Barnes, you may tell the jury, if you know, the reasonable value of the shade and ornamental trees which were cut on your premises by the defendant company? In answer plaintiff placed the value at $1000. Similar evidence was given by two other witnesses offered by plaintiff. Defendant contends that the cross-examination of these witnesses discloses that they based their estimate of value of the shade and ornamental trees upon the difference between the value of the premises with and without said trees, and defendant's contention in this respect is correct. Therefore we have presented this question. In a suit under the statute, section 4242, Revised Statutes 1919, for treble damages for the destruction of shade and ornamental trees, can the value of the trees be established by evidence of the difference in the value of the premises with and without the trees? So far as we are able to ascertain this question has not been directly ruled in this State.

The statute, section 4242, provides: "If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person, or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, or any ice or other substance or material being a part of the realty, or any roots, fruits or plants, or cut down or carry away grass, grain, corn flax or hemp in which he has no interest or right, standing, lying or being on land not his own, or shall knowingly break the glass or any part of it in any building not his own, the person so offending shall pay to the party injured treble the value of the thing so injured, broken, destroyed or carried away, with costs."

In a common-law action of trespass for injury to the freehold the measure of damages is the difference in the value of the land before and after the trespass. [Ritchie v. State Board of Agriculture, 266 S. W. (Mo. App.) 492, l. c. 495; McKinsey v. Guthrie, 212 S. W. (Mo. App.) 563; Mathews v. Railroad, 142 Mo. 645, l. c. 665; 45 S. W. 802; Cox v. Railroad, 111 Mo. App. 394, l. c. 406, 85 S. W. 989; Bungenstock v. Drainage District, 163 Mo. 198, 64 S. W. 149; Bailey v. The Siegel Gas Fixture Company, 54 Mo. App. 50; Foncannon v. Kirkville, 88 Mo. App. 279.] Learned counsel for defendant to support their contention that the measure of damages in an action under the statute is not the difference in value of the premises before the trespass and afterwards, but is the value of the *thing* removed or destroyed, rely upon the wording of the statute itself, and upon

Labeaume v. Woolfolk, 18 Mo. 514; Soulard v. City of St. Louis, 36 Mo. 546, l. c. 554; Mueller v. Railroad, 31 Mo. 262; Flynt v. Railroad, 38 Mo. App. 94, and Cox v. Railroad, supra.

Labeaume v. Woolfolk, was an action under the statute for treble damages. The rule as to the measure of damages is not discussed. The court, however, uses this language: "The party injured by the trespasses enumerated in the statute is entitled to recover treble the value of *the thing* (Italics ours) injured, broken, destroyed or carried away."

Soulard v. City of St. Louis, supra, was for single damages for the wrongful taking or appropriation of lands for a public street, and was not based on the statute. In discussing the measure of damages there applicable the court used this language: "In regard to the measure of damages it has already been prescribed by this court in Mueller v. St. L. & Iron Mountain R. R. Co., 31 Mo. 262, a case involving essentially the same principle. It was there held on the authority of Jones v. Gooding, 8 Mees. & W. 145, that in an action for damages for wrongfully entering upon land and taking and carrying away the soil, etc., *the proper measure of damage is not the actual damages sustained, but the value of the land removed;* (Italics ours.) and as the defendant has taken and appropriated to its own use the land used as a street, its fair and reasonable value will afford the criterion in estimating the damages."

The portion, supra, last italicized is a literal copy of the headnote to Mueller v. Railroad, supra, The headnote referred to, without reference to the actual language used in the opinion, might be susceptible of a construction that the opinion would not justify. In the Mueller case the court speaking by Judge NAPTON said:

"The action is trespass; and as the damages given by the jury, under the rule for estimating them furnished by the court, seem, from the testimony, to have been a full compensation for the injury to the plaintiff's lot occasioned by the construction of the road, it appeared but equitable, either that this judgment should be a final adjustment of the plaintiff's claim or that a different rule of damages from the one given by the court should govern. But the case of Jones v. Gooding, 8 Mees. & Wells, 145, is an authority for the measure of damages declared in the instruction given. That was an action of trespass for cutting a ditch along the edge of plaintiff's close, and carrying away the soil, etc.; and the court held the measure of damages to be the value of the land taken and not the expense of restoring it to its original condition."

The language used in the conclusion of the quotation, supra, from the Mueller case clarifies the italicized portion quoted from Soulard v. City of St. Louis, supra. Counsel for defendant in the cause at bar specifically refer to the italicized portion as supporting their con-

tention that the true measure of damages is not the difference in value of the premises before and after the trespass, but is "the value of *the thing* so injured, broken, destroyed or carried away," considered separate and apart from the freehold and without regard to the damage done to the freehold. When the language actually used in the Mueller Case and not the *headnote,* is considered in connection with the language used in Soulard v. City of St. Louis, it is plain that the last-mentioned case is not an authority supporting defendant's contention.

The ruling in the Mueller Case was based on Jones v. Gooday, not. Gooding, 8 Messon & Welsby (Eng. Ex.) 146, and the ruling in the Soulard Case is based upon the Mueller case. In Jones v. Gooday the defendant had directed that a ditch be widened, and in the widening of the ditch a strip of the field belonging to the plaintiff was cut and carried away. Plaintiff contended that his damages should be measured by whatever sum it would require to restore the land to the condition in which it was before the commission of the trespass. It was held that the proper measure of damages was the value of the land removed, and not the expense of restoring the field to its condition prior to the trespass. So far as appears both the Mueller case and the Soulard case were for single damages.

Flynt v. Railroad, supra, as to the damages, is based upon the Mueller case, and the Soulard case and lays down no different rule than is laid down in the cases upon which it is based.

Cox v. Railroad, supra, was under the statute to recover treble damages for sand alleged to have been wrongfully removed from plaintiff's land. It was contended by the defendant in the Cox case that the measure of damages was the difference in the market value of the land before and after the sand was taken. In answering that contention the court said: "The ordinary rule for measuring damages to land caused by the digging up and removal of a part of the soil, which is the cost of replacing the soil removed or the difference in the value of the land before and after the removal, cannot be applied to actions brought on the statute for the treble damages."

The general rule is that the measure of damages for trees which are not valuable for timber is the injury to the land caused by destroying them. This rule is based on the obvious reason that the value of such trees considered apart from the land would not be adequate compensation for the trespass. [36 Cyc. 1131.] The rule as laid down by Cyc. has been applied to timber not ready to cut, fruit trees, trees which were a part of a sugar bush, trees used for a windbreak and ornamental or shade trees. Cases supporting each of these applications are cited in the Cyc. notes. Such is the rule in this State. [McKinsey v. Guthrie, 212 S. W. (Mo. App.) supra: Doty v. Railroad, 136 Mo. App. 254, 116 S. W. 1126; Jones v. Rail-

road, 189 Mo. App. 6, 176 S. W. 465; Miller v. Railroad, 180 Mo. App. 501, 167 S. W. 469.]

In McKinsey v. Guthrie, supra, treble damages were sought for the destruction of a shade tree. The petition there was not sufficient to support treble damages, hence the action in effect resulted in one of single damages for injury to his freehold. But in discussing the measure of damages there we used this language:

"The measure of damages in this character of cause where damages are sought for the destruction of a tree for shade or ornament is the difference in the market value of the premises on which the tree is growing with and without the tree. This, after all, it seems to us, is the value of the tree because of its peculiar place and location on the premises. A tree in the back yard, among others, though a beautiful ornament and shade, might be of less value to the premises than a tree in the front yard, and well located, though of less beauty and less valuable as cordwood."

The above cited Missouri cases giving the rule for the measure of damages in actions where damages are sought for the destruction of trees are not valuable for timber were for single damages, and not for treble damages under the statute. Should the fact that the action is based on the statute for treble damages change the rule for the measure of damages for the injury or destruction of trees not fit for timber, such as shade or ornamental trees? We think not.

The treble damage statute of Arkansas, Digest, Kirby & Castle, 1916, sec. 9931, is as follows:

"If any person shall cut down, injure, or destroy or carry away any tree placed or growing for use or shade, or any timber, rails or wood, standing, being or growing on the land of another person, or shall dig up, quarry or carry away any stone, ground, clay, turf, mold, fruit or plants, or shall cut down or carry away, any grass, grain, corn, cotton, tobacco, hemp or flax, in which he has no interest or right, standing or being on any land not his own, or shall willfully break the glass, or any part of it, in any building not his own, every person so trespassing shall pay the party injured treble the value of the thing so damaged, broken, destroyed or carried away, with costs."

It will be seen that the Arkansas statute is almost identical with ours. In all essential features the two statutes are identical. In Laser v. Jones, 172 S. W. 1024, the Arkansas Supreme Court held, in an action under their statute for treble damages for the destruction of shade trees, that the measure of damages was the diminution in the value of the premises. [See, also, Bockes v. McAfee & Son Co., 130 N. W. (Mich.) 313.] The authorities are not uniform, however, on this question as may be seen by the dissenting opinion in Laser v. Jones, supra. The theory, where such theory obtains, seems

to be that if suit is brought for single damages that it is based upon injury and damage to the freehold, and if brought under the statute for treble damages it is based upon the value of the *thing* taken, injured or destroyed considered separate and apart from the freehold, that is considered as a chattel in its severed state. [Cleveland School District v. Railroad, 126 N. W. (N. D.) 995, 28 L. R. A. (N. S.) and note.]

If one may not measure his damages, when he proceeds under the statute for treble damages for the destruction of shade or ornamental trees or other trees having no substantial market value when considered in their severed state, by the difference in value of the premises before and after the trespass, then the purpose of the statute, to punish for the wilful trespass, will be of no avail. If the rule contended for by defendant in the cause at bar is to prevail, then A could wilfully enter B's close and destroy his orchards and his shade and ornamental trees and incur no greater civil liability than the actual damage to the freehold. According to the contention of defendant if A sued B under the statute for treble damages he could only recover treble the value of the fruit, shade and ornamental trees considered in their severed state, which would ordinarily be only nominal. If he sued at common law for damages to the freehold he could recover no more than he could were the trespass wholly free from the element of wilful conduct. Such rule when applied to the measure of damages for the destruction of shade and ornamental trees, no matter how reckless the trespass, would result generally in the anomaly of actually permitting a greater recovery in a common-law action for single damages than could be recovered in an action under the statute for treble damages for the same trespass. It is not reasonable that the Legislature intended such a result.

We think that the true rule is and should be, notwithstanding the use of the word *thing* in the statute, that where the trees, or other things mentioned in the statute, are taken, injured or destroyed by a wilful trespass, have no substantial market value, when considered in their severed state, that the measure of damages in an action under the statute for treble damages is the difference in value of the premises immediately before add after the trespass.

In reaching this conclusion we do not consider that we are in conflict with the ruling in Cox v. Railroad 111 Mo. App. 394, 85 S. W. 989, cited supra. There the sand removed had a substantial market value, and frequently it is the case that in actions under the statute the *thing* taken, removed, injured or destroyed by the trespass does have a substantial market value and what was said in the Cox case, quoted supra, is not in conflict with our conclusion here.

The excuse offered by defendant for going upon plaintiff's land and cutting the trees was that defendant's agent was under the im-

pression that he had obtained permission from the state highway engineer to extend its power line along the right of way where the trees were cut. Defendant's agent, Boyd, testified that a Mr. Garst, a representative of the state highway engineer, gave him permission to set defendant's poles on the north side of the right of way of state highway No. 84 where it passed on and along by plaintiff's premises; that defendant was to have from 2 to 5 feet on and along the north side of the right of way of highway No. 84 for its line. We also gather from Boyd's evidence that Garst turned over to him a blue print which purported to show the right of way of state highway No. 84. On the theory, therefore, that the state highway department had the authority to give defendant permission to extend its power line on and along the place in question defendant's agents went upon the premises and cut the shade trees mentioned.

It turned out that the state highway department had not, at the time when the trees were cut, obtained the right of way on and along plaintiff's land where these trees were cut, but the state highway engineer or an assistant had set stakes on and along plaintiff's land which stakes were intended to mark the north line of the right of way of state highway No. 84, and all or nearly all of the trees cut were south of this line of stakes. There are some intimations that some of the trees cut were north of this line of stakes, but there is nothing definite in this respect.

Section 4245, Revised Statutes 1919, provides that in an action brought under section 4242 for treble damages, if it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed was his own, or that the thing taken, carried away, injured or destroyed was his own, only single damages can be recovered. If, therefore, defendant had probable cause to believe that it had a lawful right to enter upon plaintiff's premises and clear its right of way then its liability is limited to single damages. The term "probable cause" as used in the statute means the existence of such facts as would lead a reasonably prudent person to believe that he had the lawful right to do the act charged to be a malicious trespass. [Chilton v. Lumber Co., 144 Mo. App. 315, 127 S. W. 941.] This case also holds that the burden of showing probable cause is upon the alleged trespasser. Measuring defendant's conduct by the rule laid down we do not believe that a case for treble damages was made. Defendant went to the state highway engineer and obtained a blue print of what purported to be the right of way of state highway No. 84. Also the state highway department had set stakes on and along plaintiff's land marking what purported to be the north line of the highway right of way. Except in a few instances, and of these the record is not definite, defendant cut no trees north of the north line of the

highway right of way as marked by the stakes. Defendant's evidence tends strongly to show that it had probable cause, while plaintiff's evidence shows in effect nothing to the contrary. We are not confronted with a situation where the evidence on probable cause was conflicting as in Sample v. Reinhard, 253 S. W. (Mo. App.) 180.

It is our conclusion that plaintiff did not make out a case for treble damages. Evidence of wilful, reckless or malicious conduct is wholly absent. The judgment will be affirmed for $500 as of the date of the judgment below if within 10 days, from the filing of this opinion plaintiff will remit the sum of $1000, otherwise the judgment will be reversed and the cause remanded. *Cox, P. J.*, and *Bailey, J.*, concur.